**In re Kerry Rene DALY, Relator.**

No. 08–04–00238–CV.

Court of Appeals of Texas,
El Paso.

Sept. 30, 2004.

Joe Marr Wilson, Amarillo, for Relator.

Guadalupe Alvarez, El Paso, pro se.

Lucy Ann Daly, Adelanto, CA, pro se.

Barbara Daly, Amarillo, pro se.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

Relator Kerry Rene Daly seeks a writ of mandamus compelling the Honorable Patricia Macias, Judge of the 388th District Court of El Paso County, Texas, to grant his motion to transfer venue of a petition to modify in a suit affecting the parent-child relationship, and enter an order transferring venue to Randall County, Texas. We previously issued an order staying the proceedings in the trial court pending resolution of this mandamus. For the reasons stated below, we conditionally grant relief.

## MANDATORY TRANSFER

In the sole issue presented in his mandamus petition, Relator contends that Respondent failed to perform a ministerial duty to transfer venue to Randall County pursuant to Section 155.201(b) of the Texas Family Code. Relator and Lucy Ann Daly were divorced on March 11, 2002 by the 388th District Court of El Paso County. Relator and Lucy were named joint managing conservators of L.N.D., their daughter. Additionally, Guadalupe Alvarez (maternal grandmother), and Barbara Daly (paternal grandmother) were named co-joint managing conservators of L.N.D. The decree provided that Alvarez was to be the primary caretaker of L.N.D. while she was in El Paso while Barbara was the primary caretaker when the child was in Amarillo. Relator and Lucy were to have possession of L.N.D. in alternating school years. The decree established specified periods of possession as follows:

L.N.D. would reside in El Paso County in the home of Alvarez from January 16, 2002 until one week before school began in August 2003;

L.N.D. would reside in Randall County in Barbara's home during the 2003 school year, beginning in August 2003 and ending in May or June of 2004.

The decree also provided that a "review hearing" would be held at an unspecified time in 2004.

On February 12, 2004, Relator filed a motion to modify the parent-child relationship and a motion to transfer venue pursuant to Section 155.201(b) of the Texas Family Code. In the motion to modify, Relator seeks sole managing conservatorship and alleges that Alvarez has voluntarily relinquished actual care, control, and possession of the child for at least six months. Relator's affidavit attached to the petition to modify reflects that L.N.D. had been living with him at his Amarillo residence since August 6, 2003. The motion to transfer alleges that L.N.D.'s principal residence is Randall County and she has been living there for six months preceding the commencement of the suit.

Lucy, who is a federal inmate in California, was served on March 17, 2004, and Alvarez was served on March 27, 2004. On April 14, 2004, Lucy, appearing *pro se,* filed an unsworn answer to the petition and motion to transfer. Alvarez filed an answer and affidavit controverting the motion to transfer on April 26, 2004. Barbara filed a waiver of service. Both Lucy and Alvarez complain in their responses that Relator and Barbara are violating the terms of decree because L.N.D. is living with Relator, not Barbara, and they have not been allowed to speak with L.N.D. on the telephone. There is no evidence, however, that either has filed an enforcement action.

On June 7, 2004, Relator's attorney sent to Respondent a proposed order transferring the suit to Randall County. Respondent did not sign the order but instead set the matter for a telephonic hearing. Ac-

cording to the facts alleged in the mandamus petition, Respondent stated during the hearing that she could not act on the motion to transfer until she had conducted the review hearing provided for by the final decree. Respondent set the review hearing for August 3, 2004. Relator filed his mandamus petition and motion for emergency relief on that same date. We entered an order staying the proceedings below on August 4, 2004.

## Standard of Review

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Daisy Mfg. Co., Inc.*, 17 S.W.3d 654, 658 (Tex.2000)(orig.proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion.

Transferring a case to a county where the child has resided for more than six months is a mandatory ministerial duty under Section 155.201 of the Texas Family Code. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *Bollard v. Berchelmann*, 921 S.W.2d 861, 863 (Tex.App.-San Antonio 1996, no writ). An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal. Tex.Fam. Code Ann. § 155.204(e)(Vernon 2002). Therefore, mandamus is available to compel mandatory transfer in a suit affecting the parent-child relationship. *Proffer*, 734 S.W.2d at 672; *In re Sanchez*, 1 S.W.3d 912, 914 (Tex.App.-Waco 1999, orig. proceeding).

## Section 155.201(b)

Under the Family Code, venue in an original suit affecting the parent-child relationship is proper in the county where the children reside unless: (1) another court has continuing jurisdiction under Chapter 155; or (2) venue is fixed in a suit for dissolution of a marriage. *See* Tex. Fam.Code Ann. § 103.001 (Vernon 2002). Except as provided by Section 155.001, a court acquires continuing, exclusive jurisdiction on the rendition of a final order. Tex.Fam.Code Ann. § 155.001. It is undisputed that the 388th District Court of El Paso County obtained continuing, exclusive jurisdiction by virtue of the final divorce decree entered on March 11, 2002.

Pertinent to our analysis, Section 155.201(b) of the Texas Family Code provides for the mandatory transfer of venue under the following circumstances:

(b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

If a timely motion to transfer venue is filed, any party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist. Tex.Fam.Code Ann. § 155.204(b). That controverting affidavit must be filed on or before the first Monday after the 20th day after the date of notice of a motion to transfer is served. *Id.* If a controverting affidavit contesting the motion to transfer is filed, each party is entitled to ten days' notice of the hearing on the motion to transfer and only evidence pertaining to the transfer may be taken at the hearing. Tex.Fam.Code Ann. § 155.204(c)(d). In the event a controverting affidavit is not filed within the period allowed, the proceeding must be transferred promptly to the proper court with-

out a hearing. Tex.Fam.Code Ann. § 155.204(a).

Lucy's controverting affidavit was due to be filed on April 12, 2004. She filed only an unsworn objection on April 14. Alvarez filed a controverting affidavit on April 26, but it was filed seven days after the due date of April 19. Barbara does not object to the transfer. Rather than promptly transferring the case to Randall County, Respondent set the matter for a hearing. Under these facts, Respondent had a ministerial duty to transfer venue of the case to Randall County. By failing to promptly transfer the suit to Randall County, Respondent clearly abused her discretion. Accordingly, we conditionally grant mandamus relief. The writ will issue only if Respondent fails to transfer the suit to Randall County.