In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-329 CV


____________________



IN RE SHERVEN ETEMADI


 




Original Proceeding 






MEMORANDUM OPINION



 In this original proceeding, Sherven Etemadi challenges the trial court's failure to
grant his motion to transfer a suit affecting the parent-child relationship (SAPCR) from the
court of continuing jurisdiction to the county of the children's residence on the filing date for
the petition for modification and motion to transfer. We conditionally grant the petition for
writ of mandamus.

 The trial court entered the initial SAPCR order in 2005. The real party in interest,
Anna J. McGraw, filed a motion to increase child support in 2006. That motion alleged the
children were residents of Jasper County. McGraw filed another motion to modify child
support in 2007. This motion also alleged the children were residing in Jasper County. The
order signed April 5, 2007, provides a Houston address for McGraw. On March 7, 2008,
Etemadi filed a petition for modification that alleges the children reside in Harris County. 
Etemadi filed a motion to transfer with his petition for modification. The grounds stated for
the transfer are that the principal residence of the children is Harris County and neither party
resides in Jasper County. McGraw received service of citation on March 10, 2008. McGraw
timely filed an answer, but did not file a response to the motion to transfer until August 1,
2008. The controverting affidavit filed with the answer to the motion to transfer states that
McGraw and the children moved to Florida on June 5, 2008, and that none of the parties
currently reside in Harris County. Etemadi submitted a proposed transfer order on April 15,
2008, but the trial court has not signed the order of transfer.

 Transfer is mandatory if a suit to modify a SAPCR order is filed in the court having
continuing, exclusive jurisdiction of a suit, and a party files a timely motion to transfer to a
county where the children have resided for six months or longer. Tex. Fam. Code
Ann. § 155.201(b) (Vernon Supp. 2008).

 A motion to transfer is timely if it is made at the time the initial pleadings are filed. 
Tex. Fam. Code Ann. § 155.204(b) (Vernon Supp. 2008). McGraw contends that the phrase
"initial pleadings" refers to the first post-judgment action filed by any party; thus, she argues,
Etemadi waived his right to seek a transfer by failing to file a motion to transfer when
McGraw filed motions to modify in Jasper County in 2006 and 2007. We are not persuaded
by this unique interpretation of the statute. There is no support in the mandamus record for
McGraw's assertion that the children were residing in Harris County when McGraw filed her
2006 and 2007 motions to modify. Furthermore, McGraw's construction of Section
155.204(b) ignores the fact that the legislature statutorily designated a motion to modify a 
SAPCR as a new suit. See Tex. Fam. Code Ann. §§ 156.003, 156.004 (Vernon 2002). The
entry of an appealable order in the previous modification proceeding concludes those
proceedings and each subsequent filing of a new motion to modify requires issuance of
citation and observation of the formalities of due process. Id.; see Rose v. Rose, 117
S.W.3d 84, 88 (Tex. App.--Waco 2003, no pet.) (distinguishing motions to enforce existing
judgments from motions to modify a SAPCR). If a suit to modify is pending when a new suit
is filed the trial court may transfer the proceeding only if the court could have transferred the
proceeding at the time the first suit was filed. Tex. Fam. Code Ann. § 155.201(c) (Vernon
Supp. 2008). In this case, however, neither the 2006 nor the 2007 modification proceedings
were pending when Etemadi filed his petition to modify. The motion to transfer was filed
with the initial pleadings of the petitioner in the active proceeding. Accordingly, Etemadi's
motion to transfer was timely filed.

 Etemadi pled in his motion to transfer that the children had resided in Harris County
for the six months preceding the filing of the petition to modify and that no party presently
resides in Jasper County. McGraw did not file a controverting affidavit on or before the first
Monday after the 20th day after the date of service. See Tex. Fam. Code Ann. § 155.204(d)
(Vernon Supp. 2008). Because McGraw failed to deny that grounds for a transfer exist in
a timely filed controverting affidavit, transfer is mandatory. Tex. Fam. Code Ann.
§ 155.204(c); see In re Daly, 148 S.W.3d 578, 581 (Tex. App.--El Paso 2004, orig.
proceeding). A party may obtain mandamus relief to compel a mandatory transfer of the
SAPCR. Proffer v. Yates, 734 S.W.2d 671, 672 (Tex. 1987) (orig. proceeding).

 McGraw argues that neither judicial economy nor the best interests of the children will
be served by transferring the proceedings to a county where none of the parties presently
reside. She argues that technical rules of practice and pleading are of little importance in
determining issues concerning the custody of children. See Leithold v. Plass, 413 S.W.2d
698, 701 (Tex. 1967). Leithold pre-dates the Family Code and involves a situation where the
trial court's full jurisdiction over the case had been invoked but the party failed to plead for
modified visitation as an alternative to custody modification sought in the petition. See id. 
This case does not concern specificity of pleadings. The crux of this case is McGraw's
failure to timely file her controverting affidavit as required by Section 155.204. Her answer
does not allude to the residence of any party, nor does it mention transfer of the case. Under
these circumstances, the Family Code requires the trial court to transfer the case. See Tex.
Fam. Code Ann. § 155.204(c); compare In re Simonek, 3 S.W.3d 285, 288 (Tex. App.--Waco 1999, orig. proceeding) (Notwithstanding alleged wrong-doing by movant, transfer
was mandatory because non-movant failed to file controverting affidavit), with In re
Ferguson, 172 S.W.3d 122, 126 (Tex. App.--Beaumont 2005, orig. proceeding) (Court
considered controverting affidavit in light of good faith attempt to controvert transfer
motion). (1)

 Etemadi filed a timely motion to transfer alleging the children had lived in Harris
County for six months or longer and McGraw did not controvert that statement. No hearing
is required and transfer to Harris County is mandatory. Because the trial court has not
performed the ministerial act of signing the transfer order, we conditionally grant mandamus
relief. We anticipate the trial court will promptly transfer the suit affecting parent-child
relationship to Harris County. A writ will issue only in the event the trial court fails to
transfer the proceeding in accordance with this opinion.

 PETITION CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on August 8, 2008

Opinion Delivered September 11, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Presumably, a motion for a discretionary transfer could be addressed by the
transferee court. See, e.g., Tex. Fam. Code Ann. § 155.202(b) (Vernon 2002).