NO. 07-08-0491-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 29, 2009

_____

IN RE MEGAN LEE DOZIER, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS**

Pending before this Court is the *Petition for Writ of Mandamus* filed by Megan Lee

Dozier wherein she requests that we order the Honorable Pamela Sirmon, Judge of the

County Court at Law No. 2 for Potter County, to vacate her prior order denying Dozier's

*Motion to Transfer Venue* filed in conjunction with a motion to modify in suit affecting the

parent-child relationship.  For the reasons stated below, we conditionally grant relief.

**Background Facts**

Dozier and Brian Barkley were previously married and they are the parents of the

child the subject of the underlying SAPCR action.  During the marriage, Dozier, Barkley,

and the child resided in Potter County, Texas. On or about June 28, 2007, Dozier and the child moved their residence to Paducah, Cottle County, Texas, and on June 29, 2008, Dozier filed for divorce in the County Court at Law No. 2, in and for Potter County, Texas. On July 25, 2007, the trial court entered temporary orders appointing Dozier and Barkley as joint temporary managing conservators, with Dozier having the right to establish the child's residence in Cottle County. On August 26, 2008, the trial court entered a *Final Decree of Divorce* appointing Dozier and Barkley as permanent joint managing conservators, with Dozier continuing to have the right to establish the primary legal residence of the child; however, the decree restricted the geographic residence of the child to the confines of Potter or Randall Counties. In accordance with that geographic restriction, the trial court ordered Dozier to reestablish the child's residence on or before October 15, 2008.

On October 10, 2008, after the divorce decree became final, Dozier filed a motion to modify and a motion to transfer venue. The motion to transfer venue was supported by an affidavit stating that Dozier and the child had continuously resided in Cottle County, Texas, from June 28, 2007 until October 8, 2008, the date of the signing of the affidavit. In compliance with the court's previous order, on October 9, 2008, Dozier signed a notice of change of address indicating that, effective October 15, 2008, Dozier and the child would reside in Canyon, Randall County, Texas. While Barkley concedes in his *Response to Petition for Mandamus* that the child resided in Cottle County from June 28, 2007, until some time immediately prior to the commencement of the motion to modify and motion to

2

transfer venue, he contends that the motion to transfer should be denied because the child did not reside in Cottle County on the date the motion to transfer was filed. The trial court convened an evidentiary hearing to consider the motion to transfer and ultimately denied it.

**Discussion**

Generally, an appellate court may not grant mandamus relief where resolution of a fact issue underlies the trial court's decision. *Mendoza v. Eight Court of Appeals,* 795 S.W.2d 712, 714 (Tex. 1990)(recognizing that an appellate court may not deal with disputed issues of fact via a mandamus proceeding). However, where there are no disputed facts issues relevant to the decision, mandamus will lie if the trial court abuses its discretion by misapplying controlling legal principles to uncontroverted facts. *In re Ferguson,* 172 S.W.3d 122 (Tex.App.–Beaumont 2005, orig. proceeding).

In this case, while there may have been a controverted fact issue as to whether or not the child resided in Cottle County, Texas, on the date Dozier filed her motion to transfer, it was uncontroverted that the child's principal residence during the fourteen-month period preceding the commencement of the proceeding was Cottle County. That the child may have moved away from Cottle County immediately prior to, or immediately after, the filing of the motion to transfer venue is of no consequence so long as the child's *principal residence* during the six-month period preceding the commencement of the suit was in that county.

If, as here, a suit to modify is filed in the court having continuing, exclusive jurisdiction, on the timely motion of a party the court *shall* transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer. Tex. Fam. Code Ann. §155.201(b)(Vernon 2008); *In re Gore,* No. 07-07-0290-CV, 2007 WL 2403366, at *1 (Tex.App.–Amarillo Aug. 20, 2007, orig. proceeding). In computing the time during which the child has resided in a county, the court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit. §155.203; *In re Ferguson,* 172 S.W.3d at 125. Therefore, moving out of Cottle County immediately prior to the filing of the motion to transfer venue would not defeat Dozier's right to have that motion granted.

Nothing about §§ 155.201(b) or 155.203 implies that the child must reside in the county to which transfer is sought on the date the motion to transfer is filed. It is indubitable that the trial court based its decision to deny Dozier's motion to transfer venue upon a fact finding regarding the child's residence on the date of filing the motion to transfer. To that extent, it misapplied controlling law. The trial court had a mandatory duty to transfer this suit affecting the parent-child relationship to Cottle County because the undisputed fact is that the child's principle residence was in that county for at least six months prior to commencement of the modification suit. By denying Dozier's motion to transfer venue, the trial court abused its discretion.

## Conclusion

Because Dozier does not have an adequate remedy at law, we conditionally grant the mandamus relief requested. We trust that Judge Sirmon will vacate her order denying the motion to transfer and transfer the underlying proceeding to Cottle County, Texas. The writ will issue only if she fails to do so.

Patrick A. Pirtle
Justice

Quinn, C.J., dissenting.