NO. 07-10-0125-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 16, 2010

_____

IN RE ROBERT WAYNE VEIGEL,

RELATOR

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Robert Wayne Veigel, Individually and in his capacity as Co-Trustee of the Ardella Veigel Trust No. 2, seeks a writ of mandamus from this Court compelling the Honorable John Board, Judge of the 181st District Court of Potter County, to grant a motion for continuance in the underlying legal malpractice proceeding.[1] Based upon the

---

[1]The underlying proceeding is Cause No. 94,778-B, styled Robert Wayne Veigel, et al. v. W. Calloway Huffaker, Individually and d/b/a W. Calloway Huffaker, P.C., and Robert E. Golden, P.C.; In the 181st District Court in and for Potter County, Texas. Pleadings contained within the limited record before this Court indicate that W. Calloway Huffaker previously reached a settlement with the Plaintiffs and the claims against him were dismissed.

standard of review that we must apply in cases such as this, we deny the relief requested.

## Background

The underlying proceeding is a legal malpractice lawsuit filed by Relator on August 18, 2006. Prior to January 7, 2010, Relator was represented by Jerry Gunn. On that date, the trial court granted Gunn's motion to withdraw. The motion to withdraw was not based upon any fault of Relator, but was instead due solely to Gunn's retirement from the practice of law. On January 15, 2010, Relator's present counsel, Mitchell A. Toups, filed a *Notice of Appearance* and *Motion for Continuance*. That motion for continuance was granted and the case was continued until the trial court's docket call to be heard on March 11, 2010.

On March 11, 2010, despite an announcement of "Not Ready" on behalf of Relator, the trial court scheduled the underlying proceeding for trial to commence on April 19, 2010. On March 16, 2010, Relator filed the *Motion for Continuance* that is the subject of this proceeding. On March 24, 2010, the sole remaining defendant filed a response in opposition to the motion contending (1) the motion was not supported by affidavit as required by Rules 251 and 252 of the Texas Rules of Civil Procedure, and (2) the grounds for continuance stated in the motion did not constitute sufficient cause. In response thereto, Relator filed a *Supplemental Motion for Continuance,* with affidavit attached, bearing a certificate of service dated March 25, 2010. On March 26, 2010,

2

the trial court signed an order denying Relator's motion wherein it stated, "[t]he Court finds Plaintiff has not established sufficient cause supported by affidavit." Believing the sole basis for the trial court's ruling to be the lack of an affidavit, on March 30, 2010, Relator filed a *Motion for Reconsideration.* On March 31, 2010, the trial court advised counsel that it would not entertain a hearing on the motion for reconsideration and then reiterated the April 19th trial setting. In response thereto, Relator filed this *Petition for Writ of Mandamus* on April 12, 2010.

## Mandamus Standard of Review

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

Generally, an appellate court may not grant mandamus relief where resolution of a fact issue underlies the trial court's decision. *Mendoza v. Eighth Court of Appeals,* 795 S.W.2d 712, 714 (Tex. 1990) (recognizing that an appellate court may not deal with disputed issues of fact via a mandamus proceeding). However, where there are no disputed fact issues relevant to the decision, mandamus will lie if the trial court abuses its discretion by misapplying controlling legal principles to uncontroverted facts. *In re Ferguson,* 172 S.W.3d 122 (Tex.App.–Beaumont 2005, orig. proceeding).

3

**Discussion**

The denial of a motion for continuance is an incidental trial court ruling ordinarily not subject to review by mandamus. *In re Allied Chemical Corp.,* 227 S.W.3d 652, 658 (Tex. 2007). An exception to this general rule occurs when there are "special circumstances" which are themselves reviewable on petition for writ of mandamus. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997). Here, Relator contends the trial court erred by either failing to consider the affidavit filed in support of his *Supplemental Motion for Continuance* or by refusing to hear argument on his *Motion to Reconsider.* Even assuming that the sole basis of the trial court's denial of the continuance motion on March 26th was the absence of an affidavit (an assumption we make solely for purposes of this discussion) there is nothing that compels us to likewise conclude that to also be the sole reason for the trial court's refusal to entertain Relator's reconsideration motion on March 31st. On March 31[st,] the trial court could have concluded that a hearing on Relator's reconsideration motion was unnecessary because the continuance motion was not supported by sufficient cause. Under either construction, the trial court's order is not factually incorrect as alleged by Relator. Accordingly, we are constrained to review the trial court's order to determine whether the trial court abused its discretion in denying a continuance under the facts of this case.

4

As good cause for continuance, Relator contends that his new counsel has not been given adequate time to investigate the case and prepare for trial. However, the limited record before this Court indicates that Relator's counsel was aware of a pending trial setting when he accepted representation and entered an appearance in this cause. In fact, Relator's counsel previously received a continuance of that earlier trial setting. Relator further contends that a continuance is necessary in order to conduct additional pre-trial discovery, including the deposition of the defendant's expert witness. In support thereof, the affidavit of Relator's counsel states that he has "requested that defense counsel provide me with dates for the deposition of their expert" without identifying the due diligence that he has exercised to secure that testimony. The inability to depose an expert witness is not sufficient cause for a continuance where the movant has failed to diligently utilize the Rules of Civil Procedure for discovery purposes. *See State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex. 1988). Where a case has been pending more than three years, and where Relator's counsel has had more than three months to investigate the case and prepare for trial, we are unable to conclude that the trial court clearly abused its discretion by denying a second motion for continuance. Accordingly, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice

Quinn, C.J., concurs in result.


5