NO. 07-10-0125-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

APRIL 16, 2010

 

______________________________

 

 

 

IN
RE ROBERT WAYNE VEIGEL, 

RELATOR

 

_________________________________

 

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

            Relator, Robert Wayne
Veigel, Individually and in his capacity as Co-Trustee of the Ardella Veigel
Trust No. 2, seeks a writ of mandamus from this Court compelling the Honorable John
Board, Judge of the 181st District Court of Potter County, to grant a motion
for continuance in the underlying legal malpractice proceeding.[1]  Based upon the standard of review that we
must apply in cases such as this, we deny the relief requested.

Background

            The underlying proceeding is a legal
malpractice lawsuit filed by Relator on August 18, 2006.  Prior to January 7, 2010, Relator was
represented by Jerry Gunn.  On that date,
the trial court granted Gunn's motion to withdraw.  The motion to withdraw was not based upon any
fault of Relator, but was instead due solely to Gunn's retirement from the
practice of law.  On January 15, 2010,
Relator's present counsel, Mitchell A. Toups, filed a Notice of Appearance and Motion
for Continuance.  That motion for
continuance was granted and the case was continued until the trial court's
docket call to be heard on March 11, 2010.

            On March 11, 2010,
despite an announcement of “Not Ready” on behalf of Relator, the trial court
scheduled the underlying proceeding for trial to commence on April 19,
2010.  On March 16, 2010, Relator filed
the Motion for Continuance that is
the subject of this proceeding.  On March 24, 2010, the sole remaining defendant
filed a response in opposition to the motion contending (1) the motion was not
supported by affidavit as required by Rules 251 and 252 of the Texas Rules of
Civil Procedure, and (2) the grounds for continuance stated in the motion did
not constitute sufficient cause.  In
response thereto, Relator filed a Supplemental
Motion for Continuance, with affidavit attached, bearing a certificate of
service dated March 25, 2010.  On March
26, 2010, the trial court signed an order denying Relator's motion wherein it
stated, “[t]he Court finds Plaintiff has not established sufficient cause supported
by affidavit.”  Believing the sole basis
for the trial court's ruling to be the lack of an affidavit, on March 30, 2010,
Relator filed a Motion for
Reconsideration.  On March 31, 2010,
the trial court advised counsel that it would not entertain a hearing on the
motion for reconsideration and then reiterated the April 19th trial
setting.  In response thereto, Relator
filed this Petition for Writ of Mandamus on
April 12, 2010.   

Mandamus Standard of Review

            AMandamus issues only to correct a
clear abuse of discretion or the violation of a duty imposed by law when there
is no other adequate remedy by law.@  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding).

            Generally, an appellate
court may not grant mandamus relief where resolution of a fact issue underlies
the trial court=s decision.  Mendoza v. Eighth Court of Appeals, 795
S.W.2d 712, 714 (Tex. 1990) (recognizing that an appellate court may not deal
with disputed issues of fact via a mandamus proceeding).  However, where there are no disputed fact
issues relevant to the decision, mandamus will lie if the trial court abuses
its discretion by misapplying controlling legal principles to uncontroverted
facts.  In re Ferguson, 172 S.W.3d
122 (Tex.App.–Beaumont 2005, orig. proceeding).

Discussion

            The denial of a motion
for continuance is an incidental trial court ruling ordinarily not subject to
review by mandamus.  In re Allied Chemical Corp., 227 S.W.3d
652, 658 (Tex. 2007).  An exception
to this general rule occurs when there are “special circumstances” which are
themselves reviewable on petition for writ of mandamus.  Gen. Motors
Corp. v. Gayle, 951 S.W.2d 469, 477
(Tex. 1997).  Here, Relator contends the
trial court erred by either failing to consider the affidavit filed in support
of his Supplemental Motion for
Continuance or by refusing to hear argument on his Motion to Reconsider.  Even
assuming that the sole basis of the trial court's denial of the continuance motion
on March 26th was the absence of an affidavit (an assumption we make
solely for purposes of this discussion) there is nothing that compels us to
likewise conclude that to also be the sole reason for the trial court's refusal
to entertain Relator's reconsideration motion on March 31st.  On March 31st, the trial court
could have concluded that a hearing on Relator's reconsideration motion was
unnecessary because the continuance motion was not supported by sufficient
cause.  Under either construction, the
trial court's order is not factually incorrect as alleged by Relator.  Accordingly, we are constrained to review the
trial court's order to determine whether the trial court abused its discretion
in denying a continuance under the facts of this case.

            As good cause for
continuance, Relator contends that his new counsel has not been given adequate
time to investigate the case and prepare for trial.  However, the limited record before this Court
indicates that Relator's counsel was aware of a
pending trial setting when he accepted representation and entered an appearance
in this cause.  In fact, Relator's counsel previously received a continuance of that
earlier trial setting.  Relator further
contends that a continuance is necessary in order to conduct additional
pre-trial discovery, including the deposition of the defendant's expert
witness.  In support thereof, the
affidavit of Relator's counsel states that he has “requested that defense
counsel provide me with dates for the deposition of their expert” without
identifying the due diligence that he has exercised to secure that
testimony.  The inability to depose an
expert witness is not sufficient cause for a continuance where the movant has
failed to diligently utilize the Rules of Civil Procedure for discovery
purposes.  See State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex.
1988).  Where a case has been pending
more than three years, and where Relator's counsel
has had more than three months to investigate the case and prepare for trial, we
are unable to conclude that the trial court clearly abused its discretion by denying
a second motion for continuance. 
Accordingly, Relator's petition for writ of mandamus is denied.  

                                                                                    

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Quinn, C.J., concurs in result.

 











[1]The
underlying proceeding is Cause No. 94,778-B, styled Robert Wayne Veigel, et al.
v. W. Calloway Huffaker, Individually and d/b/a W.
Calloway Huffaker, P.C., and Robert E. Golden, P.C.; In the 181st District
Court in and for Potter County, Texas. 
Pleadings contained within the limited record before this Court indicate
that W. Calloway Huffaker previously reached a settlement with the Plaintiffs
and the claims against him were dismissed.