

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § | No. 08-23-00053-CV |
|---|---|---|
| IN RE: | § | AN ORIGINAL PROCEEDING |
| VICTORIA GONZALEZ | § | IN MANDAMUS |
|  | § | |

## MEMORANDUM OPINION

Relator, Victoria Gonzalez, seeks a writ of mandamus compelling the Honorable J.A. Bobo, presiding judge of the 109th Judicial District Court of Andrews County, Texas, to grant her motion to transfer venue of a modification petition filed in a suit affecting the parent-child relationship, and enter an order transferring venue of the cause to Lubbock County, Texas.[1] On February 7, 2023, we issued an order granting Relator Gonzalez's motion for emergency stay pending resolution of this mandamus. For the reasons stated below, we conditionally grant mandamus relief.

---

[1] The Honorable J.A. Bobo presided over this cause by assignment issued by the Honorable Dean Rucker, the presiding judge for the Seventh Administrative Judicial Region.

## I. BACKGROUND

On February 27, 2020, the 109th Judicial District Court of Andrews County entered an order naming Gonzalez and Real Party in Interest Eleazar Luna, as joint managing conservators of their child, L.L.L., who was born in November 2012.[2] Gonzalez is identified as Victoria Dawn Blackburn in that order. As between the joint managing conservators, Gonzalez is designated as the conservator who may determine the child's primary residence without regard to geographic location.

On August 30, 2022, Luna retuned to the Andrews County district court filing a petition to modify the parent-child relationship, seeking to modify the order rendered on February 27, 2020. Luna's petition names Victoria Dawn Blackburn as respondent. Luna alleges the Andrews County court has continuing, exclusive jurisdiction of the suit, and further represents that the child subject of the suit, L.L.L., resides in "Lubbock/Andrews." The petition includes a request for temporary orders to include an appointment of Luna as the temporary conservator who has the right to designate the primary residence of the child. As grounds for modification of conservatorship, possession and access, Luna alleges Gonzalez has engaged in a history or pattern of child abuse and child neglect. A supporting affidavit signed by Luna is attached to the modification petition.

On October 3, 2022, and prior to being served with notice of Luna's modification suit, Gonzalez filed several pleadings. First, at 3:03 p.m., she filed a special exceptions and motion to strike, identifying that she was formerly known as Victoria Blackburn. Second, she filed three additional pleadings, all time-stamped as filed at 3:10 p.m.: (1) an original answer; (2) a motion to transfer the modification suit asserting as grounds that, even though the Andrews County court

---

[2] To protect the privacy of the child, we refer to her by her initials. See TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(d).

had acquired and retains continuing, exclusive jurisdiction of the suit as a result of prior proceedings, that transfer is proper to Lubbock County, Texas, because the principal residence of the child is in Lubbock County, and the child has been in that county during the six-month period preceding the commencement of the suit; and (3) a motion for enforcement of possession or access, which alleges that, on or about September 18, 2022, and continuing to the day of the filing of the motion, Luna has failed to surrender the child to Gonzalez and illegally withheld her since that date.

On October 11, 2022, at 5:20 p.m., Gonzalez was personally served with citation and notice of Luna's modification suit.

On October 31, 2022, Luna's counsel filed a controverting affidavit contesting Gonzalez's motion to transfer pursuant to Rule 86 of the Texas Rules of Civil Procedure. Luna asserted that Gonzalez waived her right to transfer venue by failing to file the transfer motion concurrently or prior to her first responsive pleading to the modification suit. The affidavit did not otherwise contest Gonzalez's assertion that L.L.L. resided in Lubbock County for the six months prior to the filing of his petition to modify the parent-child relationship.

On December 2, 2022, the judge of the 109th District Court of Andrews County set the matter for a hearing on January 10, 2023, on Gonzalez's motion to transfer. On December 19, 2022, the district court held a temporary-orders hearing on the cause. At the start of the hearing, the court noted on the record that notice of the hearing was sent out on December 7, 2022, to both counsel for Gonzalez and to counsel for Luna.[3] Luna's counsel confirmed he received his notice

---

[3] Although referred to in the hearing transcript, the appendix of Gonzalez's petition does not contain any indication that she or her attorneys received notice of the December 19, 2022, temporary orders hearing. We note for the purposes of this opinion that it is evident from our review of Gonzalez's petition that the appendix does not contain a complete record of all the documents received or generated by the trial court in this matter. However, Gonzalez seeks relief in a single issue, alleging only that Respondent's refusal to sign a transfer of the modification petition violated a

3

but he further informed the court that a staff member of his office called opposing counsel's office in Lubbock, and they were informed opposing counsel was unaware of a hearing set for that day. The district court next made a ruling from the bench on the motion to transfer indicating the motion to transfer was denied. At the close of the hearing, the court granted temporary orders.

On December 21, 2022, the district court denied Gonzalez's motion to transfer by written order, stating it was not filed concurrently with the first responsive pleading, nor otherwise filed in a timely manner. The trial court's order provides as follows:

> The Court finds that the Respondent's Motion to Transfer Venue was not contained in a separate instrument filed concurrently with or prior to the filing of the movant's first responsive pleading, and the motion was not combined with other objections and defenses and included in the movant's first responsive pleading. Also, the Motion to Transfer was not filed in a timely manner.

Default temporary orders were also entered on the same day, which declared Luna the sole managing conservator of L.L.L. with the right to designate the child's primary residency.[4]

On February 6, 2023, Gonzalez filed this petition for writ of mandamus and a motion for emergency relief. In her motion, Gonzalez requested that this Court stay proceedings in the trial court pending the disposition of her petition for mandamus. Specifically, Gonzalez asked that proceedings be stayed because Luna has filed a motion for enforcement of possession or access against Gonzalez which the trial court has set for hearing on February 27, 2023. Gonzalez and Luna have each filed contempt proceedings and motions for enforcement of possession or access,

---

ministerial duty imposed by law, and her appendix contains the complained of order and relevant documents necessary for a decision on her issue. *See* Tex. R. App. P. 52.3 (k)(2) ("The appendix should not contain any evidence or other item that is not necessary for a decision.").

[4] Temporary orders, entered while a motion to modify in a suit affecting the parent-child relationship is pending, are interlocutory orders and there is no statutory provision for an appeal of such orders. *See Dancy v. Daggett*, 815 S.W.2d 548, 548 (Tex. 1991) (per curiam). However, Gonzalez does not seek mandamus relief concerning the temporary orders rendered December 21, 2022.

and both parties' motions accompanied Gonzalez's motion for emergency stay. We entered an order on February 7, 2023, staying the proceedings below.

## II. MANDAMUS STANDARD

Mandamus relief is generally appropriate only to compel the performance of a ministerial duty or when a relator has no adequate appellate remedy for the trial court's clear abuse of discretion. *See In re Auburn Creek Ltd. P'Ship*, 655 S.W.3d 837, 840 (Tex. 2022) (orig. proceeding) (per curiam) (abuse of discretion without adequate appellate remedy); *In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016) (orig. proceeding) (ministerial duty); *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding).

### A. Mandatory venue transfer in a modification suit

An erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of an inadequate remedy by appeal. *See In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005); TEX. FAM. CODE ANN. § 155.204(h) (transfer or denial not subject to interlocutory appeal). The duty to transfer a suit to modify or a motion to enforce an order is a mandatory, ministerial duty under Family Code § 155.201(b) when statutory conditions are met. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam); *In re Venegas*, 595 S.W.3d 341, 344 (Tex. App.—Eastland 2020, orig. proceeding).

### B. Analysis

In her sole issue, Gonzalez seeks mandamus relief contending Respondent's refusal to sign an order transferring the modification petition from the court of continuing jurisdiction in Andrews County to a court in Lubbock County violated a ministerial duty imposed by law. Gonzalez moved to transfer the case pursuant to § 155.201(b) of the Family Code, which provides that, if a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction

of a suit, "on the timely motion of a party the court *shall*, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b) (emphasis added). Whether a motion to transfer is timely depends on whether the movant is the petitioner or another party. *Id.* § 155.204(b) (providing different standards for a "petitioner or movant" and "another party"). Once a timely motion to transfer is filed, the burden shifts to the contesting party to file a controverting affidavit denying the grounds for the transfer. *See In re Daly*, 148 S.W.3d 578, 580 (Tex. App.—El Paso 2004, no pet.); TEX. FAM. CODE ANN. § 155.204(d). A controverting affidavit denying that grounds for the transfer exist must be filed "on or before the first Monday after the 20th day after the date of notice of a motion to transfer is served." TEX. FAM. CODE ANN. § 155.204(d). In the event a timely motion to transfer has been filed and no controverting affidavit is filed within the allotted period, the proceeding must be transferred to the proper court without a hearing. *Id.* § 155.204(c).

Here, Gonzalez appeared as a respondent to Luna's petition to modify, and her motion to transfer was timely if "made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before commencement of the hearing, whichever is sooner." TEX. FAM. CODE § 155.204(b). Luna filed his modification petition on August 30, 2022. Gonzalez was served with notice of the modification petition on October 11, 2022. But Gonzalez had already filed her motion to transfer on October 3, 2022, and served Luna's attorney on that date, before she was served with his modification petition and well within the twenty-day statutory period. Thus, Gonzalez's motion was timely filed, and Luna had until October 24, 2022, "the first Monday after the 20th day after the date of notice of a motion to transfer is served," to contest the motion by filing a controverting affidavit that denies that grounds for the transfer exist.

6

TEX. FAM. CODE ANN. § 155.204(d). Luna did not file such controverting affidavit denying Gonzalez's grounds for seeking transfer.

Of note, Luna's attorney filed and signed an affidavit on October 31, 2022, entitled "affidavit controverting motion to transfer venue." The affiant avers that Gonzalez waived any objection to venue by failing to file her motion to transfer concurrently with, or prior to, her first responsive pleading per Rule 86 of the Texas Rules of Civil Procedure. Yet, in this affidavit there is no averment by Luna's counsel that L.L.L. did not reside in Lubbock County for at least six months prior to Luna filing his modification petition. Indeed, Luna's original affidavit attached to his modification petition acknowledges that L.L.L. had resided with Gonzalez in Lubbock County since July 2020.

The Supreme Court of Texas and our sister courts of appeals have consistently held that the Family Code's transfer procedures are the exclusive mechanisms for challenging venue. *See Leonard v. Paxson*, 654 S.W.2d 440, 441 (Tex. 1983); *see, e.g., In re Leder*, 263 S.W.3d 283, 286– 87 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding [mand. denied]) (collecting cases). The Family Code transfer provisions supersede the rules of civil procedure and venue statutes. *See In re Leder*, 263 S.W.3d at 286–87. Accordingly, we conclude that Gonzalez timely filed her motion to transfer, and she did not otherwise waive venue based on Rule 86 of the Texas Rules of Civil Procedure.

Based on our record, Luna had until October 24, 2022, to file a controverting affidavit denying that grounds for the transfer existed. TEX. FAM. CODE ANN. § 155.204(d). Luna did not timely file such affidavit. Therefore, the district court of Andrews County was statutorily required to transfer the case to Lubbock County, without a hearing, on or before November 14, 2022. TEX. FAM. CODE ANN. § 155.204(c) ("if a timely motion to transfer has been filed and no controverting

7

affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court."). We conclude that transfer of this case to Lubbock County is mandatory under § 155.201(b) of the Family Code, and the district court abused its discretion when it failed to grant Gonzalez's motion to transfer venue within the statutory timeframe.

We sustain Gonzalez's sole issue.

### III. CONCLUSION

We conditionally grant Gonzalez's petition for writ of mandamus. A writ will issue only in the event the trial court fails to render an order granting Gonzalez's motion to transfer venue. The stay order dated February 7, 2023, is lifted.


GINA M. PALAFOX, Justice

February 24, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.