Tania Lynn YATES, Relator,

v.

The Honorable Harold C. GAITHER, Judge, Respondent.

No. 05–86–01233–CV.

Court of Appeals of Texas, Dallas.

March 13, 1987.

Rebecca L. Greenan, Dallas, for relator.

Timothy B. Couch, Dallas, for respondent.

Before STEPHENS, HOWELL and BAKER, JJ.

BAKER, Justice.

This is an original mandamus proceeding in which relator, Tania Lynn Yates, seeks an order directing the Honorable Craig Penfold to transfer a suit pending in the 304th District Court to terminate the parental rights of the relator to one of her children, to a divorce action instituted by relator in the 302nd District Court. For the reasons given below, we conditionally grant the writ.

In March 1986, the Dallas County District Attorney filed a suit affecting the parental-child relationship on behalf of the Texas Department of Human Services requesting a hearing with respect to Kenneth Wayne Yates, one of the children of the marriage of relator Tania Lynn Yates, and Joe Bob Morrison. This suit was Cause No. 86–237–W in the 304th District Court, the Honorable Craig Penfold presiding. The petition in that litigation was subsequently amended in June of 1986 to request termination of the relator's parental rights with the child, Kenneth Wayne Yates. This amendment was served by publication. On July 30, 1986, relator filed a petition for divorce which was assigned to the 302nd District Court, and numbered 86–11118 on the docket of that court. On August 1, 1986, relator filed a motion to consolidate the cause in the 304th District Court with the divorce suit pending in the 302nd District Court.

On August 8, 1986, the Honorable Craig Penfold entered an order consolidating the 304th District Court's suit with the divorce suit pending in the 302nd District Court. Thereafter, the Texas Department of Human Services filed a motion to vacate and subsequently, on September 8, 1986, the Honorable Craig Penfold granted the motion to vacate the consolidation order and set the same aside. Relator's motion for leave to file petition for writ of mandamus was filed in this court on December 4, 1986, and was granted. Subsequently, upon proper motion, the Honorable Harold C. Gaither was substituted for the Honorable Craig Penfold as respondent in this proceeding because the Honorable Craig Penfold retired from the 304th District Court, and the said Honorable Harold C. Gaither now presides over the 304th Judicial District Court of Dallas County, Texas. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex. 1984).

On January 26, 1987, a motion for reconsideration of the relator's position was presented to the Honorable Harold C. Gaither, and on February 12, 1987, the Honorable Harold C. Gaither entered an order denying relator's motion to reconsider, and further ordering all subsequently filed cases involving the children, the subject matter of the suit, be transferred and consolidated into Cause No. 86–237–W in the 304th District Court.

In the proceeding below, relator sought the consolidation and transfer of the suit affecting the parent-child relationship pending in the 304th District Court to the 302nd District Court pursuant to the provisions of the Texas Family Code, section 3.55(c) and section 11.06(c).[1] Section 3.55(c) states:

> If the parties are parents of a child, as defined by Sec. 11.01 of this Code, and the child is under the continuing jurisdiction of another court under 11.05 of this Code, either party to the suit for divorce, annulment, or to declare the marriage void, may move that court for transfer of the suit affecting the parent-child relationship to the court having jurisdiction of the suit for divorce, annulment, or to declare the marriage void. The court with continuing jurisdiction shall then transfer the proceeding to the court with jurisdiction of the suit for divorce, annulment, or to declare the marriage void. Proceedings for transfer under this section shall be governed by the procedures governing transfer under sec. 11.06 of this Code.

Section 11.06(c) provides:

> On a showing that a suit for dissolution of the marriage of the child's parents has been filed in another court, the court

1. All statutory references are to the Texas Family Code Annotated Sec. 3.55(c) (Vernon 1978) and Sec. 11.06(c) (Vernon 1986).

having continuing jurisdiction of a suit affecting the parent-child relationship shall transfer the proceedings to the court where the dissolution of the marriage is pending.

Section (f) provides:

A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by any other party is timely if it is made on or before the Monday next after the expiration of twenty days after the date of service of citation or notice of the action, or before commencement of the hearing, whichever is sooner. If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceedings shall be transferred promptly without a hearing to the proper court.

Relator contends that there was a breach of statutory duty by the court below for the failure to transfer the cause in the 304th District Court to the 302nd District Court upon a showing by relator that the divorce suit had been filed in the 302nd District Court. Relator contends that the interpretation by the court below of the relationship between section 11.06(c) and 11.06(f) was erroneous and that she was not required to have filed a "timely motion to transfer" at an earlier date.

Respondent contends to the contrary, arguing that section 11.06(c) of the Code is limited in its application by 11.06(f). Respondent asserts that section 11.06(f) of the Code clearly requires that a *timely* motion to transfer be filed by the answer date, and that the subsection is not limited in its application, but applies to all other subsections of the Texas Family Code, including 11.06(c). It is therefore the respondent's position that the relator's motion to transfer should have been filed in March of 1986 within the time required for a response to the original petition filed in the 304th District Court. Accordingly, the conclusion is that the relator failed to "timely" file her motion to transfer in the 304th District Court.

Alternately, respondent asserts that mandamus does not lie on relator's behalf in this situation. Respondent's position is based upon the requirement that the relator must show a void order, not merely an erroneous order. Respondent argues that this situation involves an exercise of judicial discretion rather than a ministerial function. Respondent relies on *Saenz v. Sanders,* 241 S.W.2d 316 (Tex.Civ.App.—San Antonio 1951, orig. proceeding), and *Lucas v. Wright,* 370 S.W.2d 924 (Tex.Civ. App.—Beaumont 1963, orig. proceeding).

■ We hold this matter is properly before us because the remedy for an erroneous ruling on a motion to transfer is by petition for writ of mandamus. *Brown v. Brown,* 566 S.W.2d 378, 380 (Tex.Civ.App. —Corpus Christi 1978, no writ).

Section 3.55(c) states that the court having continuing jurisdiction of the children's suit *shall* transfer the case to the court having jurisdiction of the divorce, a transfer we hold to be mandatory upon proper showing. *In the Matter of the Marriage of Allen,* 593 S.W.2d 133, 137 (Tex.Civ.App. —Amarillo 1979, no writ); *see Cassidy v. Fuller,* 568 S.W.2d 845, 847 (Tex.1978).

■ As quoted, section 3.55(c) provides that proceedings for transfer under that section shall be governed by the procedures set forth under section 11.06 of the Code. The respondent contends that 11.06(c) is modified by 11.06(f) and that, accordingly, a timely motion for transfer is required. We disagree. It is apparent that the two subsections serve distinctive functions. Subsection (f) appears to modify sections (a), (b), and (d) of section 11.06 wherein each of those subsections provides for the presentation of a "timely motion." To the contrary, subsection (c) provides only that upon a "showing" that a suit for dissolution of the marriage has been filed in another court, the court having continuing jurisdiction of the suit affecting the parent-child relationship *shall* transfer the proceedings to the court where the dissolution of the marriage is pending. As is specified in section 3.55(c), the transfer provision of 11.06(c) is a mandatory ministerial act. *Cassidy v. Fuller,* 568 S.W.2d at 847.

Accordingly, we hold that it was the mandatory duty of Judge Penfold to grant the motion to transfer and likewise that Judge Gaither should do the same. Respondent Gaither is instructed to set aside the order entered by Judge Penfold on September 8, 1986, and respondent is likewise instructed to set aside his order entered on February 12, 1987. Should the trial court refuse to vacate these orders, a writ of mandamus shall issue.