Cassandra Rene' NEAL, Appellant,

v.

Michael AVEY and Elana
Avey, Appellees;

and

In the Interest of Justin Calvin
NEAL, A Minor Child.

No. B14–92–00032–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1993.

Rehearing Denied May 6, 1993.

Robert H. West, Houston, for appellant.

John E. Wright, Huntsville, for appellee.

Before SEARS, DRAUGHN and LEE,
JJ.

## OPINION

LEE, Justice.

This is an appeal, after a trial to a jury, from an involuntary termination of parental rights. Appellant, Cassandra Rene' Neal, the natural mother of the child, brings nine points of error. In her first point of error, which we find to be dispositive of the appeal, appellant claims that venue should have been transferred to the county where her divorce action is pending. We agree and find it unnecessary to address appellant's claims that the evidence is factually insufficient to support termination of her rights, and that the court's charge was in error. We reverse and remand.

In the summer of 1989, appellant left her husband in South Carolina and moved to Houston with her younger child, Justin, who was approximately ten months old. Appellant and Justin lived with appellant's grandmother until August 29, 1989. At that time, appellant's aunt, Stacey Brumley, concerned about appellant's general lack of care for Justin, removed the child and placed him in the care of another aunt and uncle, Elana and Michael Avey, appellees.

Appellant agreed that Justin could stay with appellees until she was able to "get on her feet," find regular employment and a place to live. She visited her son at a family gathering at her grandmother's home on Thanksgiving, but did not ask for his return. Appellees did not hear from appellant again until after Christmas, when she informed them she had moved in with her boyfriend.

On March 3, 1990, appellees filed a petition for termination of parental rights and adoption in Walker County, the county where they and the child reside. Appellees then met with appellant and discussed their desire to adopt Justin. Appellant agreed that adoption would be best for Justin, and on March 14, 1990, signed an affidavit of relinquishment of her parental rights.

On June 7, 1990, appellant filed a petition for divorce in the 247th District Court of Harris County, the county of her residence. The divorce petition named Justin Calvin Neal as a child of the marriage. Appellant claims that she learned of the termination and adoption proceedings in August, 1990. She then obtained legal representation, filed an answer to the termination suit, a motion to transfer venue to Harris County, and a plea in abatement. She also made a written demand to appellees for the return of her child, and on August 30, 1990, she filed a revocation of her relinquishment of parental rights in the Walker County suit.

On October 3, 1990, the trial court in Walker County conducted a hearing on the motion to transfer venue and plea in abatement. A certified copy of the Harris County divorce petition was presented to the court, and appellant testified as to the accuracy of its recitations. At the conclusion of the hearing, the court denied the transfer and plea in abatement, finding that the transfer was not in the best interests of the child. The case proceeded to a jury trial commencing on July 1, 1991, and a verdict was returned finding that appellant's parental rights should be terminated. Appellant's husband, Joseph Clifton Neal, was properly cited but did not answer or appear at the trial in person or by attorney. A decree of termination was entered as to both appellant and her husband, and appellant brings this appeal.

■ In her first point of error, appellant urges that the trial court improperly refused to transfer venue to Harris County where her divorce action was pending. Appellant relies on both section 3.55(c) and 11.06(c) of the Family Code in support of her position that the trial court had a mandatory duty to transfer the case.

The question of venue in suits affecting the parent-child relationship is governed by the provisions of the Family Code. Section 11.04(a) establishes venue generally in the county of the child's residence, subject to exceptions in sections 11.04(b) and (c). Tex. Fam.Code Ann. § 11.04 (Vernon 1986).[1] According to these provisions, venue in this case initially was proper in Walker County. Tex.Fam.Code Ann. § 11.04(a), (b), & (c)(4)(C) (Vernon 1986).

However, the Texas Legislature recognized the undesirability of permitting different courts to control the various segments of the marital relationship, and established a requirement for uniting a suit affecting the parent-child relationship with the suit for divorce. *In the Matter of Marriage of Allen*, 593 S.W.2d 133, 136–37

---

**1.** Section 11.04 provides, in pertinent part, as follows:

(a) Except as otherwise provided in this subtitle, an original suit affecting the parent-child relationship shall be brought in the county where the child resides, unless:

(1) another court has continuing exclusive jurisdiction under Section 11.05 of this code; or

(2) venue is fixed by Section 3.55 of this code.

(b) A suit in which adoption is sought may be brought in the county where the child resides or in the county where the petitioners reside.

(c) A child resides in the county where his parents (or parent if only one parent is living) reside, except that:

\* \* \*

(4) if the child is under the care and control of an adult other than a parent and (A) a managing conservator, a custodian, or a guardian of the person has not been appointed or (B) the whereabouts of the parent and the guardian of the person is unknown or (C) the person whose residence would otherwise determine the residence of the child under this section has left the child under the care and control of the adult, the child resides where the adult having actual possession, care, and control of the child resides; ....

Tex.Fam.Code Ann. § 11.04 (Vernon 1986).

(Tex.Civ.App.—Amarillo 1979, no writ). If the children are under the continuing jurisdiction of a court under a parent-child suit, section 3.55(c) allows either of the parties to the divorce to move the court where the parent-child suit is pending for transfer of that suit to the court having jurisdiction of the divorce. TEX.FAM.CODE ANN. § 3.55(c) (Vernon 1993).[2] Upon proper motion and showing that venue is proper in another county, this transfer is mandatory. *See Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex.1978); *Yates v. Gaither*, 725 S.W.2d 529, 531 (Tex.App.—Dallas 1987, orig. proceeding).

█ If two courts have continuing jurisdiction, then section 11.06(c) provides that upon a showing that a suit for dissolution of the marriage of the child's parents has been filed in another court, the court having continuing jurisdiction of the suit affecting the parent-child relationship shall transfer the proceedings to the court where the divorce is pending. TEX.FAM.CODE ANN. § 11.06(c) (Vernon 1986).[3] This transfer provision is also a mandatory ministerial act. *Yates v. Gaither*, 725 S.W.2d at 531.

We find that the Walker County court had continuing jurisdiction of the suit affecting the parent-child relationship at the time the motion for transfer was filed.[4] Appellant's motion for transfer was timely filed, and she made a proper showing that her divorce is pending in Harris County. Therefore, we hold that the trial court in Walker County had a mandatory duty to transfer this cause to the 247th District Court of Harris County. The trial court erred in refusing to transfer venue, and we sustain appellant's first point of error.

The motion to transfer deprived the Walker County court of continuing jurisdiction of the pending parent-child suit, except for jurisdiction to transfer the case. *Matter of Marriage of Allen*, 593 S.W.2d at 137. Therefore, the entire judgment must be reversed, even though Joseph Neal, the subject child's natural father, did not appeal the judgment terminating his parental rights.

Because we find error requiring reversal, we need not address appellant's other points of error. We remand this cause to the trial court for proceedings consistent with this opinion.

2. Section 3.55(c) states:

If the parties are parents of a child, as defined by Sec. 11.01 of this code, and the child is under the continuing jurisdiction of another court under Section 11.05 of this code, either party to the suit for divorce, annulment, or to declare the marriage void, may move that court for transfer of the suit affecting the parent-child relationship to the court having jurisdiction of the suit for divorce, annulment, or to declare the marriage void. The court with continuing jurisdiction shall then transfer the proceeding to the court with jurisdiction of the suit for divorce, annulment, or to declare the marriage void. Proceedings for transfer under this section shall be governed by the procedures governing transfer under Section 11.06 of this Code. On transfer of the proceedings to the court with jurisdiction of the suit for divorce, annulment, or to declare the marriage void, that court shall consolidate the suit affecting the parent-child relationship with the suit for divorce, annulment, or to declare the marriage void.
TEX.FAM.CODE ANN. § 3.55(c) (Vernon 1993).

3. Section 11.06(c) provides:

On a showing that a suit for dissolution of the marriage of the child's parents has been filed in another court, the court having continuing jurisdiction of a suit affecting the parent-child relationship shall transfer the proceedings to the court where the dissolution of the marriage is pending.
TEX.FAM.CODE ANN. § 11.06(c) (Vernon 1986).

4. "Continuing" jurisdiction should be distinguished from "continuing, exclusive" jurisdiction. A court does not acquire continuing, exclusive jurisdiction over a suit affecting the parent-child relationship until a final decree is entered. TEX.FAM.CODE ANN. § 11.05(e) (Vernon 1986).