**In the Interest of M.A.S., a Child.**

No. 04–06–00766–CV.

Court of Appeals of Texas, San Antonio.

Nov. 14, 2007.

Randall W. Reynolds, Pecos, TX, for Appellant.

Patrick J. Stolmeier, Law Office of Patrick J. Stolmeier, San Antonio, TX, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, and REBECCA SIMMONS, Justice.

### OPINION

Opinion by CATHERINE STONE, Justice.

Jessie Silvas appeals the trial court's decision to maintain jurisdiction and render judgment in this suit affecting the parent-child relationship. At issue is the court's denial of Silvas's motion to transfer venue to Reeves County based on the trial court's finding that Silvas's petition for divorce, filed in Reeves County, was a sham designed to divest the Bexar County district court of jurisdiction. We affirm.

#### PROCEDURAL AND FACTUAL BACKGROUND

M.A.S. was born May 20, 2005. Shortly after his birth his mother, Leticia Romero, gave custody of M.A.S. to Maria Serna. Serna initiated the instant litigation on September 28, 2005 in Bexar County by filing a suit affecting the parent-child relationship [hereinafter "the Bexar County SAPCR"] requesting that she be named the sole managing conservator of M.A.S. Serna's pleadings alleged that she had possession of M.A.S. with permission from his mother and that his father was unknown.

On that same date, the court entered temporary orders appointing Serna as temporary managing conservator of M.A.S., and although Romero did not take part in the hearing, the court found that she had agreed to entry of the order by affidavit filed with the court. Romero, who was incarcerated, was named temporary possessory conservator. Appellant Jessie Silvas was not a party to this initial proceeding.

Jessie Silvas claimed to be the father of M.A.S. and sought custody of M.A.S. by filing a suit affecting the parent-child relationship in Reeves County on November 16, 2005. In his Reeves County petition Silvas alleged that he and Romero were not married at the time the child was born, but he acknowledged paternity of M.A.S. In an affidavit of status filed in Reeves County on November 17, 2005, Romero stated that she was not presently and had never been married to Silvas, nor had she ever attempted to marry him. She stated that Silvas was the biological father of M.A.S. She also indicated that she had made arrangements for M.A.S. to live with Serna while Romero was incarcerated, but now she wanted M.A.S. to live with Silvas.

Both of these documents were originally filed in Reeves County, and were later filed in the Bexar County SAPCR as attachments to Silvas's original answer and motion to transfer venue to Reeves County. Silvas and Romero also filed a counter-petition in the Bexar County SAPCR in which they made no contention that they were married. Serna filed a motion to set the Bexar County SAPCR for non-jury trial on June 7, 2006, and trial was scheduled for July 27, 2006. Silvas and Romero also requested that their counter-petition and motion to transfer venue be set for the same date.

Three days before the Bexar County trial setting, Silvas filed a petition for divorce from Romero in Reeves County, despite earlier-filed verified pleadings in which he alleged he had never been married to Romero, and in which Romero swore by affidavit that she had not been married to M.A.S.'s father or any other man at the time of his birth. Silvas alleged in the divorce petition that the parties were married on or about July 1, 2004, and that they ceased living together on July 24, 2006.[1] Silvas notified the Bexar County district court of the pending Reeves County divorce proceeding on July 25. The trial court declined to transfer the case to Reeves County and notified Silvas and Romero on July 26 that it would proceed on the merits of the case at the scheduled July 27 trial. Neither Silvas nor Romero, nor any representative, appeared at the trial and both were held to have defaulted. The trial court appointed Maria Serna the sole managing conservator of M.A.S. and Leticia Romero was appointed possessory conservator. Silvas now appeals.

### PROPER VENUE

Silvas argues on appeal that because a petition for divorce was filed in Reeves County, the Texas Family Code required the trial court to stop all proceedings and transfer the Bexar County SAPCR to Reeves County. Silvas further argues that any evidence that the divorce petition is a sham pleading may be considered only in the court where that petition is filed, that is, Reeves County. Silvas offers no support for this last contention.

The Texas Family Code provides that:

---

1. However, Romero gave birth to M.A.S. in prison on May 20, 2005, so she and Silvas were not living together at that time.

On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

TEX. FAM.CODE. ANN. § 155.201(a) (Vernon Supp.2007). The duty to transfer the SAPCR is considered a mandatory ministerial act upon a "showing that a suit for dissolution of the marriage of the child's parents has been filed in another court." Id.; see Neal v. Avey, 853 S.W.2d 707, 709 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (citing Yates v. Gaither, 725 S.W.2d 529, 531 (Tex.App.-Dallas 1987, no writ)).

By its very terms, the statute requires a certain factual showing before the mandatory duty to transfer a case is triggered. First, only a dissolution of the marriage of both parents of the child involved in the continuing SAPCR suit will mandate transfer. However, whether Romero and Silvas are the parents of M.A.S. is not at issue in this appeal because the trial court found that Silvas and Romero are the biological parents of M.A.S.

The statute additionally presumes the existence of a marriage subject to dissolution before the mandatory venue transfer provisions take effect. TEX. FAM.CODE. ANN. § 155.201(a) (Vernon Supp.2007) (allowing transfer to the court where a suit for the "dissolution of the marriage of the child's parents" is filed). In the instant case, however, the trial court determined in its findings of fact and conclusions of law that Silvas had previously filed documents judicially admitting that he and Romero are not married. The court specifically found that after the Bexar County SAPCR was filed, Silvas filed a SAPCR in Reeves County in which he judicially admits he is not married to Romero. Romero also filed an affidavit in that proceeding in which she states she is not married to Silvas. The court also found that a letter from Silvas's counsel of record referred to Romero as "Silvas['s] long time girlfriend." Finally, the court found that a motion to dismiss filed by Silvas admits that he and Romero are not married. Based on the fact findings, the trial court concluded that the "Petition for Divorce filed by Leticia Romero and Jessie Silvas was filed as a sham to wrongfully divest this court of jurisdiction and subvert the July 27, 2006 hearing date."

The court's findings and conclusions are supported by the record. This court has previously held that the mandatory transfer provisions of the Family Code were not meant as a tool to manipulate venue and to "play[ ] courts off one against the other" through the use of a petition for divorce. Garza v. Texas Dept. of Human Servs., 757 S.W.2d 44, 47 (Tex.App.-San Antonio 1988, writ denied). In this case, the chronology of events indicates that Silvas filed a petition for divorce in Reeves County a mere three days before the scheduled trial of the Bexar County SAPCR, and only after all other efforts to dismiss or transfer the suit were unsuccessful. The allegations of marriage in the Reeves County divorce petition were directly contrary to all prior assertions of non-marriage. The trial court reasonably determined that the evidence in the case was contrary to a "showing that a suit for dissolution of the marriage of the child's parents has been filed in another court," TEX. FAM.CODE. ANN. § 155.201(a) (Vernon Supp.2007), and thus the court properly denied the requested

motion to transfer venue to Reeves County.

Based on the foregoing reasons, Silvas's sole appellate issue is overruled and the order of the trial court is affirmed.