

**NUMBER 13-09-123-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE: JANA HANCOCK**

**On Petition for Writ of Mandamus.**

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Yañez**

In this original proceeding, relator, Jana Hancock, challenges the trial court's failure to transfer venue of a suit affecting the parent-child relationship pursuant to the family code. *See* TEX. FAM. CODE ANN. §§ 155.201(a) (providing for mandatory transfer of certain cases), 155.204 (delineating the procedure for motions to transfer venue under the family code) (Vernon 2008). We conditionally grant the petition for writ of mandamus.

I. BACKGROUND

On July 29, 2008, relator filed a petition to divorce William Gordon Hancock ("William") in Floyd County. On August 4, 2008, William filed an "Original Petition in Suit

Affecting the Parent-Child Relationship and Temporary Restraining Order and Order Setting Hearing for Temporary Orders" ("SAPCR") in Hidalgo County.

On August 26, 2008, in the Hidalgo County suit, relator filed her original answer and a motion seeking transfer of venue to Floyd County on grounds that the divorce action had previously been filed in that county. William did not file a controverting affidavit to contest the motion to transfer venue.

Following a non-evidentiary hearing on October 27, 2008, the trial court denied the motion to transfer venue without specifying the basis for his denial.[1] This original proceeding ensued. Relator contends that the trial court had a ministerial duty to transfer venue to a county of mandatory venue. The Court requested and received a response from William. *See* TEX. R. APP. P. 52.4.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy, which is available only when a trial court has clearly abused its discretion and the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). An erroneous denial of a mandatory venue transfer under the family code is subject to mandamus relief without a showing that the relator lacks an adequate remedy by appeal. *See* TEX. FAM. CODE ANN. § 155.204(h) (providing that an order transferring or refusing to transfer is not subject to interlocutory appeal); *Proffer v. Yates*, 734 S.W.2d 671, 672 (Tex. 1987) (orig. proceeding)

---

[1] We note that the parties' arguments at the hearing included reference to several different legal issues pertinent to the issue of venue; however, such issues were not raised in this original proceeding and we do not address their merits herein.

(noting that mandamus has been available to compel mandatory transfer in suits affecting the parent-child relationship for "a number of years"); *In re Kerst*, 237 S.W.3d 441, 443 (Tex. App.–Texarkana 2007, orig. proceeding) (considering the erroneous denial of a mandatory venue transfer under section 155.201(b) of the family code). Accordingly, we need only determine if the trial court abused its discretion in denying relator's motion to transfer venue.

### III. THE FAMILY CODE

Relator moved to transfer venue based on section 155.201(a) of the Texas Family Code, which provides that:

> On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

TEX. FAM. CODE. ANN. § 155.201(a). The duty to transfer the SAPCR is considered a mandatory, ministerial act upon a "showing that a suit for dissolution of the marriage of the child's parents has been filed in another court." *See id.*; *In re M.A.S.*, 246 S.W.3d 182, 183-84 (Tex. App.–San Antonio 2007, orig. proceeding); *Neal v. Avey*, 853 S.W.2d 707, 709 (Tex. App.–Houston [14th Dist.] 1993, writ denied).

Section 155.204(a) provides the procedure for determining a motion to transfer venue, in relevant part, as follows:

> [A] motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. . . . If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly without a hearing to the proper court.

3

TEX. FAM. CODE ANN. § 155.204(a). A party desiring to contest the transfer must file a controverting affidavit on or before the first Monday after the twentieth day after the date of notice of a motion to transfer is served. *Id.* § 155.204(b); *In re Daly*, 148 S.W.3d 578, 580 (Tex. App.–El Paso 2004, orig. proceeding).

## IV. ANALYSIS

In this case, the motion to transfer venue to Floyd County was properly filed with the initial pleading on August 26, 2008. William did not file a controverting affidavit. The requirements of section 155.204(b) were met on September 22, 2008, the Monday after the twentieth day after the date of notice of the motion to transfer venue was served. The trial court had a mandatory duty to transfer the case to Floyd County promptly, without a hearing, as soon as the statutory requirements were met. TEX. FAM. CODE. ANN. § 155.201(a); *M.A.S.*, 246 S.W.3d at 183-84; *Neal*, 853 S.W.2d at 709.

Citing the Texas Rules of Civil Procedure, William argues the trial court had discretion to deny the motion to transfer because the motion to transfer was neither properly pleaded nor supported by verified testimony. *See* TEX. R. CIV. P. 87 (delineating the burden of proof and evidentiary requirements for establishing venue), *id.* 93 (requiring certain pleas to be verified). However, transfer procedures under the Texas Family Code are the exclusive mechanism for transferring suits affecting the parent-child relationship and were designed to supplant the regular venue rules. *See Leonard v. Paxson*, 654 S.W.2d 440, 441 (Tex. 1983) (orig. proceeding); *In re Leder*, 263 S.W.3d 283, 286 (Tex. App.–Houston [1st Dist.] 2007, orig. proceeding); *Kirby v. Chapman*, 917 S.W.2d 902, 907 (Tex. App.–Fort Worth 1996, no writ); *Martinez v. Flores*, 820 S.W.2d 937, 938 (Tex.

4

App.–Corpus Christi 1991, orig. proceeding); *see also Kerst*, 237 S.W.3d at 443 n.2. Therefore, we need not consider the motion to transfer venue under the standards utilized by other statutes or the Texas Rules of Civil Procedure. *See In re Nabors*, 276 S.W.3d 190, 194 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding).

Section 155.204 of the family code provides that the "motion must contain a certification that all other parties, including the attorney general, if applicable, have been informed of the filing of the motion." TEX. FAM. CODE ANN. § 155.204(a). Section 155.204 does not require that the motion be verified or supported by an affidavit. *See In re Sanchez*, 1 S.W.3d 912, 915 (Tex. App.–Waco 1999, orig. proceeding) ("[A] motion to transfer [under section 155.204] does not have to be verified nor must it be supported by an affidavit.").

Accordingly, we reject William's contentions regarding the requirements for the motion to transfer venue.

## V. CONCLUSION

Because we conclude that the trial court had no discretion to deny relator's motion to transfer venue, we conditionally grant the petition for writ of mandamus. Our writ will issue only if the trial court fails to enter an order transferring the underlying cause to Floyd County.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 23rd day of April, 2009.