NUMBER 13-09-123-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN RE: JANA HANCOCK 


 




On Petition for Writ of Mandamus.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Yañez


 

 In this original proceeding, relator, Jana Hancock, challenges the trial court's failure
to transfer venue of a suit affecting the parent-child relationship pursuant to the family
code. See Tex. Fam. Code Ann. §§ 155.201(a) (providing for mandatory transfer of certain
cases), 155.204 (delineating the procedure for motions to transfer venue under the family
code) (Vernon 2008). We conditionally grant the petition for writ of mandamus.

I. Background


 On July 29, 2008, relator filed a petition to divorce William Gordon Hancock
("William") in Floyd County. On August 4, 2008, William filed an "Original Petition in Suit
Affecting the Parent-Child Relationship and Temporary Restraining Order and Order
Setting Hearing for Temporary Orders" ("SAPCR") in Hidalgo County. 

 On August 26, 2008, in the Hidalgo County suit, relator filed her original answer and
a motion seeking transfer of venue to Floyd County on grounds that the divorce action had
previously been filed in that county. William did not file a controverting affidavit to contest
the motion to transfer venue. 

 Following a non-evidentiary hearing on October 27, 2008, the trial court denied the
motion to transfer venue without specifying the basis for his denial. (1) This original
proceeding ensued. Relator contends that the trial court had a ministerial duty to transfer
venue to a county of mandatory venue. The Court requested and received a response
from William. See Tex. R. App. P. 52.4. 

II. Standard of Review


 Mandamus is an extraordinary remedy, which is available only when a trial court has
clearly abused its discretion and the relator lacks an adequate remedy by appeal. See In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)
(citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)); see also In re Team Rocket,
L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). An erroneous denial of a
mandatory venue transfer under the family code is subject to mandamus relief without a
showing that the relator lacks an adequate remedy by appeal. See Tex. Fam. Code Ann.
§ 155.204(h) (providing that an order transferring or refusing to transfer is not subject to
interlocutory appeal); Proffer v. Yates, 734 S.W.2d 671, 672 (Tex. 1987) (orig. proceeding)
(noting that mandamus has been available to compel mandatory transfer in suits affecting
the parent-child relationship for "a number of years"); In re Kerst, 237 S.W.3d 441, 443
(Tex. App.-Texarkana 2007, orig. proceeding) (considering the erroneous denial of a
mandatory venue transfer under section 155.201(b) of the family code). Accordingly, we
need only determine if the trial court abused its discretion in denying relator's motion to
transfer venue.

III. The Family Code


 Relator moved to transfer venue based on section 155.201(a) of the Texas Family
Code, which provides that: 

 On the filing of a motion showing that a suit for dissolution of the marriage
of the child's parents has been filed in another court and requesting a
transfer to that court, the court having continuing, exclusive jurisdiction of a
suit affecting the parent-child relationship shall, within the time required by
Section 155.204, transfer the proceedings to the court in which the
dissolution of the marriage is pending. The motion must comply with the
requirements of Section 155.204(a).


Tex. Fam. Code. Ann. § 155.201(a). The duty to transfer the SAPCR is considered a
mandatory, ministerial act upon a "showing that a suit for dissolution of the marriage of the
child's parents has been filed in another court." See id.; In re M.A.S., 246 S.W.3d 182,
183-84 (Tex. App.-San Antonio 2007, orig. proceeding); Neal v. Avey, 853 S.W.2d 707,
709 (Tex. App.-Houston [14th Dist.] 1993, writ denied).

 Section 155.204(a) provides the procedure for determining a motion to transfer
venue, in relevant part, as follows:

 [A] motion to transfer by a petitioner or movant is timely if it is made at the
time the initial pleadings are filed. . . . If a timely motion to transfer has been
filed and no controverting affidavit is filed within the period allowed for its
filing, the proceeding shall be transferred promptly without a hearing to the
proper court.


Tex. Fam. Code Ann. § 155.204(a). A party desiring to contest the transfer must file a
controverting affidavit on or before the first Monday after the twentieth day after the date
of notice of a motion to transfer is served. Id. § 155.204(b); In re Daly, 148 S.W.3d 578,
580 (Tex. App.-El Paso 2004, orig. proceeding).

IV. Analysis 


 In this case, the motion to transfer venue to Floyd County was properly filed with the
initial pleading on August 26, 2008. William did not file a controverting affidavit. The
requirements of section 155.204(b) were met on September 22, 2008, the Monday after
the twentieth day after the date of notice of the motion to transfer venue was served. The
trial court had a mandatory duty to transfer the case to Floyd County promptly, without a
hearing, as soon as the statutory requirements were met. Tex. Fam. Code. Ann. §
155.201(a); M.A.S., 246 S.W.3d at 183-84; Neal, 853 S.W.2d at 709.

 Citing the Texas Rules of Civil Procedure, William argues the trial court had
discretion to deny the motion to transfer because the motion to transfer was neither
properly pleaded nor supported by verified testimony. See Tex. R. Civ. P. 87 (delineating
the burden of proof and evidentiary requirements for establishing venue), id. 93 (requiring
certain pleas to be verified). However, transfer procedures under the Texas Family Code
are the exclusive mechanism for transferring suits affecting the parent-child relationship
and were designed to supplant the regular venue rules. See Leonard v. Paxson, 654
S.W.2d 440, 441 (Tex. 1983) (orig. proceeding); In re Leder, 263 S.W.3d 283, 286 (Tex.
App.-Houston [1st Dist.] 2007, orig. proceeding); Kirby v. Chapman, 917 S.W.2d 902, 907
(Tex. App.-Fort Worth 1996, no writ); Martinez v. Flores, 820 S.W.2d 937, 938 (Tex.
App.-Corpus Christi 1991, orig. proceeding); see also Kerst, 237 S.W.3d at 443 n.2. 
Therefore, we need not consider the motion to transfer venue under the standards utilized
by other statutes or the Texas Rules of Civil Procedure. See In re Nabors, 276 S.W.3d
190, 194 (Tex. App.-Houston [14th Dist.] 2009, orig. proceeding).

 Section 155.204 of the family code provides that the "motion must contain a
certification that all other parties, including the attorney general, if applicable, have been
informed of the filing of the motion." Tex. Fam. Code Ann. § 155.204(a). Section 155.204
does not require that the motion be verified or supported by an affidavit. See In re
Sanchez, 1 S.W.3d 912, 915 (Tex. App.-Waco 1999, orig. proceeding) ("[A] motion to
transfer [under section 155.204] does not have to be verified nor must it be supported by
an affidavit."). 

 Accordingly, we reject William's contentions regarding the requirements for the
motion to transfer venue.

V. Conclusion


 Because we conclude that the trial court had no discretion to deny relator's motion
to transfer venue, we conditionally grant the petition for writ of mandamus. Our writ will
issue only if the trial court fails to enter an order transferring the underlying cause to Floyd
County. 


 

 LINDA REYNA YAÑEZ,

 Justice




Memorandum Opinion delivered and filed 

this the 23rd day of April, 2009.
1. We note that the parties' arguments at the hearing included reference to several different legal
issues pertinent to the issue of venue; however, such issues were not raised in this original proceeding and
we do not address their merits herein.