**Affirmed and Opinion Filed December 3, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-01187-CV**

**IN THE INTEREST OF N.M.B.H., A CHILD**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-54535-2019**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

Following a jury trial, Father appeals an order in a suit affecting the parent-child relationship that gives him no conservatorship rights to his child. In three issues, he contends the trial court had a mandatory duty to transfer the case to the county where a divorce action was filed, the jury charge contained an improper comment on the weight of the evidence, and the trial was manifestly unjust. We affirm.

### Background

Mother and Father had a son together, N.M.B.H., in January 2018. In July 2019, Mother filed an original SAPCR petition in Collin County. She asserted she

and Father were separating and asked the court to appoint her and Father joint managing conservators of the child and appoint her primary conservator. Mother also requested that Father be ordered to pay child support and be granted visitation. Father filed a counterpetition by which he sought to be named the primary conservator. Neither party alleged that they were married. In September 2019, Mother and Father entered into a Rule 11 agreement regarding conservatorship, Father's visitation, and child support, and the trial court entered temporary orders based on the parties' agreement.

By the time the case went to trial in early 2023, however, the trial judge had temporarily taken away Father's right to possession of N.M.B.H. Mother alleged that beginning in August 2020, Father had intentionally engaged in conduct calculated to harass her and seriously jeopardize her employment and N.M.B.H.'s childcare. Specifically, Mother alleged Father continuously harassed her through email and text messages, appeared at her workplace and the child's daycare, and contacted her family, friends, business associates, and the police. In September 2020, she sought a temporary restraining order and injunctive relief.

The parties agreed to a temporary order that contained mutual injunctions. For example, they were each prohibited from communicating directly with the other person and that person's family, friends, and business associates and from going within 100 yards of each other's location. They also agreed to a forensic child custody evaluation.

In September 2021, Mother alleged that despite the injunctions, Father was still harassing, stalking, and threatening her and had engaged in conduct that endangered N.M.B.H.'s safety and emotional welfare. She believed Father "spiral[ed] out of control" upon learning she was dating someone. Mother alleged Father had her followed, sent different police departments out to conduct welfare checks on her and N.M.B.H., and initiated CPS investigations of her. In addition, she alleged Father showed up unexpectedly to the child's appointment with his pediatrician, where he chased Mother and tried to force his way into the exam room. A male employee had to physically intervene, and the police were called. Mother again requested a TRO and moved to modify the temporary orders.

After a hearing, the trial court issued additional temporary orders. Mother and Father remained temporary joint managing conservators, but Father's visitation was to be supervised until he completed a psychological evaluation and proved he had complied with all recommendations.

Then, in September 2022, Mother filed a second application for TRO and motion to modify the temporary orders. She asserted the orders in place were no longer in the child's best interest and asked the trial court to award her exclusive possession of the child. Mother attached the affidavit of a woman who supervised Father's visitation, Missy Kirkland. Kirkland stated she witnessed Father inappropriately touching his son's crotch multiple times while she was supervising a visit at Father's home. Mother later amended her petition to allege Father had

engaged in family violence, child abuse, and neglect, and ask the trial court to deny Father access to the child.

In November 2022, the trial judge modified the temporary orders, suspending Father's access to the child until further court order. The court found that denying Father access to his child was required to protect the child's best interests.

By January 2023, Father, who had been represented by counsel, was pro se and would represent himself at trial. On January 6, 2023, he filed a pro se motion requesting transfer of the case to a Denton County district court. He asserted he had filed a petition for divorce in Denton County almost a year and a half earlier, on August 18, 2021, and that transfer of the SAPCR to the court hearing the divorce proceeding was mandatory. Father attached a copy of his petition for divorce to his motion. Mother filed a controverting affidavit in which she denied she and Father had ever been married. She asserted Father filed the motion to get a new judge who was not familiar with his "horrible personal and litigation conduct." After a hearing, the trial court denied Father's motion to transfer.

At the start of trial, the judge set a time limit for each side. Father used all but a few minutes of his time on the first day. At the start of the second day, the trial judge granted Father's request for additional time, giving him an additional hour. The judge cautioned Father that he had not used his time wisely, pointing out that Father had asked Mother's witnesses irrelevant and repetitive questions. The judge further admonished Father that he needed to manage his time with the remaining

–4–

witnesses and warned that he would not be given any additional time. Father stated he was "crystal clear" on the judge's instructions.

At trial, Mother presented evidence that substantiated her allegations about Father's behavior. In addition, the trial court's temporary orders were admitted into evidence. Mother called Father as a witness. When it was time for Father to cross-examine himself, he only had one minute of time left. He used it deny the allegations that he inappropriately touched his son and justify his reasons for calling CPS. Because he ran out of time, he was not permitted to cross-examine Mother's last two witnesses, the woman who performed the child custody evaluation and Mother's expert on attorney's fees, or call his own witnesses.

The jury charge included an instruction that the jury could not appoint joint managing conservators if credible evidence was presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child. *See* TEX. FAM. CODE ANN. § 153.004(b). In Question 1, the jury was given the option to name a sole managing conservator or two joint managing conservators. The jury found that Mother should be the sole managing conservator. In connection with Question 5, the jury was instructed that a parent who is not appointed managing conservator shall be appointed possessory conservator unless doing so is not in the best interest of the child and possession or access by the parent would endanger the physical or emotional welfare of the child.

The jury found that Father should not be named a possessory conservator of N.M.B.H.

After a hearing regarding child support, on August 22, 2023, the trial court signed the order from which Father appeals. In its order, the trial court found that Father had committed family violence as defined in § 71.004 of the family code against another party in the case. The court appointed Mother sole managing conservator. It ordered that Father is not a conservator of the child and "shall not have any possession of and/or access to the child." Father was ordered to pay child support and Mother's attorney's fees. In addition, the trial court's order included injunctive relief, such as prohibiting Father from communicating with Mother.

Father filed a motion for new trial which was denied. He is represented by counsel in this appeal.

**Motion to Transfer**

In his first issue, Father contends the trial court erred in failing to transfer the SAPCR to Denton County where the divorce proceeding was pending. He argues the transfer was mandatory.

Section 155.201 of the Texas Family Code provides that on the filing of a motion showing that a suit for dissolution of the marriage of a child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a SAPCR shall transfer the proceedings to the court in which the dissolution of the marriage is pending. TEX. FAM. CODE ANN. §

155.201(a). A motion to transfer under § 155.201(a) may be filed at any time. *Id.* § 155.204(a). If a timely motion to transfer has been filed and no controverting affidavit is filed, the proceeding shall be transferred to the proper court without a hearing. *Id.* § 155.204(c). However, if a controverting affidavit contesting the motion to transfer is filed, the party contesting the motion is entitled to an evidentiary hearing to determine if grounds for transfer exist. *See id.* § 155.204(e). At the hearing, only evidence pertaining to the transfer may be taken. *Id.* § 155.204(f). The movant has the burden to show that grounds exist for transferring the case to the proposed county. *In re Tyndell*, No. 06-15-0086-CV, 2016 WL 269168, at *4 (Tex. App.—Texarkana Jan. 22, 2016, no pet.) (mem. op.). There must be a marriage subject to dissolution before the mandatory venue transfer provision takes effect. *See In re M.A.S.*, 246 S.W.3d 182, 184 (Tex. App.—San Antonio 2007, no pet.) (trial court properly denied motion to transfer where mother filed affidavit denying existence of marriage and allegations of marriage were contrary to prior assertions of non-marriage).

Here, Mother timely filed a controverting affidavit contesting the existence of a marriage, and the trial court held the required evidentiary hearing on Father's motion. Father did not testify at the hearing or offer any evidence to prove the existence of a marriage subject to dissolution. He therefore failed to meet his burden to show that grounds existed for transferring the case to Denton County. *See In re Phillips*, No. 12-07-00164-CV, 2007 WL 3015461, at *2 (Tex. App.—Tyler Oct.

–7–

17, 2007, orig. proceeding) (mem. op.). The case on which Father relies is distinguishable because no controverting affidavit was filed, making the trial court's duty to transfer mandatory. *See In Re Bigham*, No. 10-13-00355-CV, 2014 WL 285667, at *1–2 & n.1 (Tex. App.—Waco Jan. 23, 2014, orig. proceeding) (mem. op.). Here, the trial court had discretion to deny Father's motion to transfer and did not abuse that discretion under the circumstances. We overrule Father's first issue.

## Jury Charge

In his second issue, Father contends Question 5 in the jury charge contained an improper comment on the weight of the evidence. The jury was instructed to answer Question 5 only if "in answer to Question 1, you did not name [Father] managing conservator of the child." Question 5 asked, "Should [Father] be named possessory conservator of the child?" Father asserts Question 5 should not have named him, but should have instead referred to "the person not named in Question 1." He argues this was error and suggested to the jury that the judge believed he should not be named possessory conservator.

Father has failed to preserve this issue for appellate review. Objections to the jury charge must be presented to the trial court before the charge is read to the jury. TEX. R. CIV. P. 272. "All objections not so presented shall be considered as waived." *Id.* The test for determining if a party has preserved error in the jury charge is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. *Wackenhut Corp. v. Gutierrez*, 453 S.W.3d 917, 919–20 (Tex.

–8–

2015). At the charge conference, Father stated he had no objection to the charge. He raised his complaint about Question 5 for the first time in his motion for new trial. Because he did not timely make the trial court aware of his complaint, he has not preserved error. *Id.*; *see* TEX. R. APP. P. 33.1(a). We overrule Father's second issue.

### Contention that Trial was Manifestly Unjust

In his third issue, Father contends he is entitled to a new trial because the entire trial was manifestly unjust. He complains that throughout trial, Mother's counsel asked improper questions and made improper sidebar remarks and jury arguments. He acknowledges that he did not raise his objections during trial, but argues the trial judge should have intervened on his behalf. In addition, Father complains about the effect the imposition of time limits had on his ability to present his case.

An individual who is a party to civil litigation has the right to represent himself at trial. *Cooks v. Discover Bank*, No. 05-13-00208-CV, 2014 WL 5425999, at *1 (Tex. App.—Dallas Oct. 27, 2014, no pet.) (mem. op.); *see* TEX. R. CIV. P. 7. That right, however, carries with it the responsibility of adhering to the rules of evidence and procedure. *Cooks*, 2014 WL 5425999, at *1. A pro se litigant will not be treated differently than a party who is represented by a licensed attorney. *Id.* To do otherwise would give a pro se litigant an unfair advantage over a litigant represented

by counsel. *Torres v. Netherlands Ins. Co.*, No. 05-18-00113-CV, 2019 WL 2098469, at \*2 (Tex. App.—Dallas May 14, 2019, no pet.) (mem. op.).

In his brief, Father has quoted the arguments opposing counsel made of which he complains. He has not, however, specified the complained-of questions and sidebar remarks. He merely directs us to two volumes of the reporter's record. He has therefore failed to properly brief his complaints about opposing counsel's questions and remarks. *See* TEX. R. APP. P. 38.1(1) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and record). Further, to the extent opposing counsel's questions, remarks, or arguments were objectionable, the trial court was not required to take action on Father's behalf. Had it done so, it would have given Father an unfair advantage.[1] Father was responsible for preserving error in the trial court and failed to do so. TEX. R. APP. P. 33.1(a).

Regarding the court's time limits, after Father ran out of time, the judge denied his request for additional time. A trial court has the authority to control the presentation of evidence so as to avoid needless consumption of time. *In re B.W.S.*, No. 05-20-00343-CV, 2022 WL 2712494, at \*3 (Tex. App.—Dallas July 13, 2022, no pet.) (mem. op.). We review a trial court's imposition of time limits at trial for an

---

[1] Father cites rule of civil procedure 269(g) in arguing that the trial court should have intervened on his behalf. Rule 269(g), which pertains only to Father's complaint about jury argument, provides that the court is "not required to wait for objections to be made when the rules as to arguments are violated." TEX. R. CIV. P. 269(g). This provision does not mean that the trial court "shall not wait for objections to be made" and did not excuse Father from failing to object to arguments he deemed improper.

abuse of discretion. *Id.* The trial court gave each side a four-hour limit that did not include opening and closing arguments. The court granted Father an additional hour after he used most of his time on the first day of testimony. The trial court warned Father that he was not making efficient use of his time and to manage his remaining time wisely. Father understood he would not be granted further additional time. Under the circumstances, we cannot conclude the trial court abused its discretion in not granting Father additional time. Father has not shown that he is entitled to a new trial. We overrule Father's third issue.

We affirm the trial court's order.

231187f.p05

/Amanda L. Reichek//

AMANDA L. REICHEK
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF N.M.B.H., A CHILD

No. 05-23-01187-CV

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-54535-2019.
Opinion delivered by Justice Reichek. Justices Nowell and Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's August 22, 2023 order is **AFFIRMED**.

It is **ORDERED** that appellee Jennifer Bailey recover her costs of this appeal from appellant Miguel Herrera.

Judgment entered this 3rd day of December 2024.