In re Maria J. SANCHEZ, Relator.

No. 10–99–273–CV.

Court of Appeals of Texas, Waco.

Oct. 13, 1999.

---

Felix C. Botello, Mesquite, for relator.

William Charles Bosworth, Sparks and Rugeley, P.C., Keith Bradley, Bradley & Bradley, Cleburne, for real parties in interest.

Wayne Bridewell, Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

The court with continuing jurisdiction of a suit affecting the parent-child relationship has been presented with a motion to transfer the suit to the county in which the child has lived for six months or longer. The district court denied the motion to transfer. We determine that he must transfer the case to the county of the child's residence.

### PROCEDURAL BACKGROUND

Maria J. Sanchez and Brent Palmer Newman were granted a divorce in Johnson County by the 249th Judicial District Court in 1997. The parties were named joint managing conservators. On April 19, 1999 Newman filed a motion to modify and

request for temporary restraining order. On April 23, 1999 Sanchez filed a motion to transfer the suit to Dallas County. The basis of the motion was that "the principal residence of the child is in Dallas County, Texas, and has been in that county during the six-month period preceding the commencement of this suit." The motion was served on Newman on April 23, 1999. An affidavit in support of Sanchez's motion to transfer was filed at the same time but not served on Newman until shortly prior to the hearing. A response alleging that the Motion to Transfer was not timely filed and seeking sanctions for the failure to serve the affidavit in support of the motion to transfer was filed by Newman. No affidavit controverting the above quoted allegation of residency in Sanchez's motion to transfer was filed. A hearing was held on June 3, 1999 to determine if the motion to transfer was timely filed and the consequence of not serving the affidavit in support of the motion to transfer. The trial court denied the motion to transfer the suit to Dallas County.

## IS MANDAMUS PROPER?

■ Mandamus relief is available when under the facts and the law of the case, there is only one proper ruling for the trial court to make, but the trial court has improperly denied the relief requested and a remedy by appeal to correct the improper denial is inadequate. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The transfer of a suit affecting parent-child relationship to a county where the child has lived for six months or more is mandatory under section 155.201. TEX. FAM.CODE ANN. § 155.201(b) (Vernon 1996). If the court of continuing jurisdiction refuses to adhere to this mandate, remedy by direct appeal is inadequate to protect the rights of parents and children from a trial or hearing in an improper venue. *See Proffer*, 734 S.W.2d at 673. Parents and children who have a right under the mandatory venue provisions in the Texas Family Code to

venue in a particular county should not be forced to go through a trial in another county and appeal to correct that error. *Id.* Mandamus is the proper remedy.

## MANDATORY TRANSFER

■ Under the Texas Family Code, transfers from a court of continuing, exclusive jurisdiction can be mandatory or discretionary. It is undisputed that the 249th Judicial District Court of Johnson County is the court of continuing, exclusive jurisdiction. A transfer becomes mandatory:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court *shall transfer* the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM.CODE ANN. § 155.201(b) (Vernon 1996) (emphasis added). Newman does not contest that the child has resided in Dallas County for six months or longer.

Newman questions whether Sanchez's motion to transfer was timely. The Family Code provides:

> A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner. If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly without a hearing to the proper court.

TEX. FAM.CODE ANN. § 155.204(a) (Vernon 1996).

■ Newman asserts that Sanchez's motion was untimely because the affidavit in support of the motion to transfer was not served until long after the answer

date, notwithstanding that it was filed at the same time. However a motion to transfer does not have to be verified nor must it be supported by an affidavit. Thus, for purposes of determining if the motion to transfer was timely filed the presence or absence of the supporting affidavit is not relevant. Sanchez's motion to transfer was filed only four days after Newman's motion to modify was filed. Sanchez's motion to transfer was timely filed.

Since Sanchez's motion to transfer was timely, it was incumbent upon Newman to file a controverting affidavit denying that the grounds for transfer existed if the allegations supporting transfer were not true. The Family Code specifically provides, "a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist." TEX. FAM.CODE ANN. § 155.204(b) (Vernon 1996). Newman did not file a controverting affidavit. Thus, the entire cause should have been promptly transferred without a hearing to the proper court in Dallas County. TEX. FAM.CODE ANN. § 155.204(a) (Vernon 1996).

■ Newman asserts that because he was not served a copy of the affidavit until six days prior to the hearing, he was not obligated to file the controverting affidavit and that sanctions for the failure could include the denial of the motion. TEX.R. CIV. P. 21b. Further he claims that he could not have controverted the allegation in the motion to transfer because it was conclusory and the facts which he needed to know to controvert the motion were in the affidavit.

Because the affidavit was not necessary to the motion to transfer it was not a pleading, plea, motion, or other application to the court for an order on which Rule 21b sanctions could be imposed. Additionally, because it was not part of the motion, the failure to serve it could not affect the mandatory transfer of the case as required by the Family Code. Finally, we note that the motion to transfer was accompanied by a letter that explained why Sanchez could not serve a copy of the affidavit at that time (all the copies had been retained by the Johnson County District Clerk). The letter also contained the same information that was contained in the affidavit, namely, the date the child began residing in Dallas County.

### SUMMARY

Because Sanchez filed a timely motion to transfer alleging her child had lived in Dallas County for six months or longer and Newman did not controvert that statement, the transfer to Dallas County was mandatory. Because the 249th Judicial District Court has refused to adhere to this statutory mandate, the petition for writ of mandamus is conditionally granted. We anticipate the trial court will promptly transfer the entire suit affecting parent-child relationship, and all its orders and pending motions to Dallas County. *See Wilemon v. Wilemon,* 930 S.W.2d 290, 292–293 (Tex.App.—Waco 1996, no pet.); TEX. FAM.CODE ANN. § 155.206(a) (Vernon 1996). A writ will issue only in the event the trial court fails to transfer the proceeding in accordance with this opinion.