

**NUMBER 13-10-00557-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF R.E.A., A CHILD

**On appeal from the County Court at Law Number 4
of Montgomery County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

By a single issue, A.A. appeals the trial court's decision to maintain jurisdiction and deny her motion to transfer venue of a suit affecting the parent-child relationship (SAPCR) pursuant to the family code. *See* TEX. FAM. CODE ANN. § 155.201 (West 2008). We affirm.

### I. BACKGROUND[1]

R.E.A. was born March 23, 2007. A.A. is his mother and his father is J.U.,

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

appellee.[2]   On November 27, 2007, an order was obtained in Montgomery County establishing the parent-child relationship; the order named A.A. as managing conservator and J.U. as possessory conservator.   On October 7, 2008, J.U. filed a motion for enforcement of possession and petition to modify the parent-child relationship.   Following a hearing, the trial court ordered that J.U. only have supervised visits with R.E.A.

On August 11, 2010, A.A. filed a petition for divorce in Harris County, Texas. The petition asserted that J.U. "has claimed or may claim that the parties are married as a result of a common law marriage" and that the parties have lived apart without cohabitation for at least three years.   On the same day, August 11, 2010, A.A. filed a motion to transfer the SAPCR in the Montgomery County court, asserting that the trial court had a duty to transfer the suit to Harris County because a suit for dissolution of the marriage was pending in Harris County.   *See* TEX. FAM. CODE ANN. §§ 6.407 (West 2006) (providing that if SAPCR is pending when suit for dissolution of marriage is filed, SAPCR shall be transferred to court in which dissolution suit is filed); 155.201(a) (West 2008) (providing that on filing of motion showing suit for dissolution of marriage has been filed in another court and requesting transfer to that court, court with continuing exclusive jurisdiction of SAPCR shall transfer proceedings to court in which dissolution suit is pending).

On Friday, August 13, 2010, the trial court held a hearing on A.A.'s motion to transfer.[3]   J.U. appeared pro se and requested that he be permitted to have

---

[2] Appellee did not file a brief to assist us in this appeal.

[3] We note that the reporter's record contains two volumes dated August 13, 2010.  At the end of the proceedings in each volume, the trial court notes that proceedings will continue "on Monday at 10:00 o'clock."  The trial court denied A.A.'s motion for transfer on August 13, 2010.  Trial on J.U.'s motion to

2

unsupervised visits with R.E.A.  A.A. was represented by counsel.

At the hearing, A.A's counsel argued that pursuant to sections 6.407(a) and 103.002(b) of the family code,[4] the trial court was required to transfer the SAPCR to Harris County because A.A. had filed suit for dissolution of marriage in Harris County. The trial court noted that it had "not seen evidence of" the filing of a suit for dissolution in Harris County.  The court stated:

> [the Court]: Okay.  I am going to allow you to prove to this Court that there has been a filing of this divorce action, that it has been filed, and it is on file. . . .  I am not going to rely on just mere representation that there has been a petition filed at this hour.  If I find that a divorce action has been filed, and it was filed even Wednesday of last week, the Court has no other option but to transfer this proceeding.  But I will make it known to the Court in Harris County that this Court believes that there has been a manipulating of the rules, given the fact that there has been a suit affecting parent child relationship.  A paternity action filed in 2007.  That there has been a modification that's been on file since 2008.  And a counter petition in this cause of action November 2008.  That this case has been be set [sic] for trial, and on the eve of the trial setting, there is a motion to transfer requesting that this case be transferred because a divorce action was filed two days before trial with everything that is before the Court. And that the Court would believe that there is a playing with the rules.

A.A.'s counsel presented the testimony of Loretta Duncan, his paralegal. Duncan testified that she filed the petition for dissolution by fax to Harris County on

---

modify the parent-child relationship continued on August 16, 2010.

[4] A.A.'s counsel cited section 103.002(b) of the family code, which governs venue in an original suit affecting parent-child relationship, *see* TEX. FAM. CODE ANN. § 103.002 (West 2008), not, as is the case here, in a suit to modify or a motion to enforce filed in a court having continuing, exclusive jurisdiction.  *See id.* § 103.002(c) ("The procedures in Chapter 155 apply to a transfer of:  (1) an original suit under this section; or (2) *a suit for modification or a motion for enforcement* under this title.") (emphasis added).  The trial court, however, correctly cited the mandatory transfer provisions under section 155.201.  *See id.* § 155.201 (West 2008).

"Wednesday,"[5] but had not yet received a return fax showing that the document had been file stamped and given a cause number. The trial court asked whether Duncan had a confirmation from the fax machine showing the filing. Duncan said she was "sure" that she had such a confirmation, but that she had not attached it to the copy of the petition for dissolution. The court asked, "even if [Duncan] produced a confirmation that a request was made to file this, you cannot tell me whether or not Harris County has accepted this petition and filed it, correct?" A.A.'s counsel replied that he could only "presume" that Harris County had filed the petition. The trial court denied A.A.'s motion to transfer and set J.U.'s motion to modify for trial on Monday, August 16, 2010.

On August 16, 2010, A.A.'s counsel presented the trial court with the fax confirmation sheet showing that A.A.'s petition for divorce had been sent by fax to Harris County for filing. An unfiled copy of the petition for divorce and fax confirmation sheet were admitted in evidence. After the trial court heard testimony in J.U.'s motion to modify, it granted the motion to modify and ordered that J.U. be permitted a standard possession order with unsupervised visits with R.E.A.[6] The trial court signed the order on August 19, 2010. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Section 155.201(a) of the family code provides:

On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

---

[5] We presume that the reference is to Wednesday, August 11, 2010.

[6] We note that A.A. does not challenge the granting of the motion to modify on appeal.

4

TEX. FAM. CODE ANN. § 155.201(a). The duty to transfer the SAPCR is considered a mandatory, ministerial act upon a "showing that a suit for dissolution of the marriage of the child's parents has been filed in another court." *See id.*; *In re M.A.S.*, 246 S.W.3d 182, 183–84 (Tex. App.—San Antonio 2007, orig. proceeding); *Neal v. Avey*, 853 S.W.2d 707, 709 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *see also In re: Jana Hancock*, No. 13-09-123-CV, 2009 Tex. App. LEXIS 2787, at **3–4 (Tex. App.— Corpus Christi April 23, 2009) (orig. proceeding) (mem. op.). "A motion to transfer under Section 155.201(a) may be filed at any time." TEX. FAM. CODE ANN. § 155.204(a). Section 155.204(a) provides that a motion to transfer under section 155.201(a) "must contain a certification that all other parties, including the attorney general, if applicable, have been informed of the filing of the motion." *Id.* Section 155.204 does not require that a section 155.201(a) motion to transfer be verified or supported by an affidavit. *See In re Sanchez*, 1 S.W.3d 912, 915 (Tex. App.—Waco 1999, orig. proceeding); *Hancock*, 2009 Tex. App. LEXIS 2787, at *6. If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly without a hearing to the proper court. TEX. FAM. CODE ANN. § 155.204(c); *Sanchez*, 1 S.W.3d at 914.

### III. DISCUSSION

Here, A.A.'s motion to transfer venue contained a certification that each attorney of record or party was served with a copy of the motion. *See* TEX. FAM. CODE ANN. § 155.204(a). J.U. did not file a controverting affidavit. *See id.* § 155.204(c). The trial court's comments suggest that it denied A.A.'s motion to transfer because no proof was offered that a petition for divorce had actually been filed in Harris County.

5

We recognize that "[b]y its very terms, [section 155.201(a)] requires a certain factual showing before the mandatory duty to transfer a case is triggered." *In re M.A.S.,* 246 S.W.3d at 184. For example, the statute "presumes the existence of a marriage subject to dissolution before the mandatory venue transfer provisions take effect." *Id.* In *In re M.A.S.*, the San Antonio court affirmed the trial court's denial of a motion to transfer based on the trial court's conclusion that the petition for divorce "was filed as a sham." *See id.* at 184. The San Antonio court noted the trial court's findings of fact and conclusions of law, in which it determined that the parties had previously judicially admitted that they were not married. *See id.* The court further stated:

> In this case, the chronology of events indicates that Silvas filed a petition for divorce in Reeves County a mere three days before the scheduled trial of the Bexar County SAPCR, and only after all other efforts to dismiss or transfer the suit were unsuccessful. The allegations of marriage in the Reeves County divorce petition were directly contrary to all prior assertions of non-marriage. The trial court reasonably determined that the evidence in the case was contrary to a "showing that a suit for dissolution of the marriage of the child's parents has been filed in another court," TEX. FAM. CODE ANN. § 155.201(a) (Vernon Supp. 2007), and thus the court properly denied the requested motion to transfer venue to Reeves County.

*Id.* at 184–85. The circumstances in the present case are similar to those in *In re M.A.S.* As the trial court noted, A.A.'s motion to transfer was based on the filing of a divorce petition in Harris County "filed two days before trial," and the trial court "believe[d] that there [was] a playing with the rules." Nonethless, the trial court gave A.A. an opportunity to "prove to [the court] that there has been a filing of this divorce action." No evidence that the divorce petition had been filed in Harris County was offered.[7] Based on the evidence presented, we conclude that A.A.'s motion to transfer

---

[7] We note that a file-stamped copy of the divorce petition, reflecting that it was filed August 11, 2010, by the Harris County District Clerk's office, is included in the appendix of appellant's brief. The copy that is included in the clerk's record, however, bears no Harris County file-stamp. We do not consider the file-stamped copy of the divorce petition in appellant's brief, however, because it was not

6

failed to make a "showing that a suit for dissolution of the marriage of the child's parent's has been filed in another court." See TEX. FAM. CODE ANN. § 155.201(a). Accordingly, we hold that the trial court properly denied the requested motion to transfer venue to Harris County.

## IV. CONCLUSION

We overrule A.A.'s sole issue and affirm the trial court's judgment.


DORI CONTRERAS GARZA
Justice

Delivered and filed the
11th day of August, 2011.

---

submitted to the trial court. *See Jarvis v. Field*, 327 S.W.3d 918, 929 (Tex. App.—Corpus Christi 2010, no pet.) (noting that the attachment of documents as exhibits or appendices to appellate briefs is not formal inclusion in the appellate record).