NUMBER 13-10-00557-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

In
the interest of R.E.A., a child  

                                                                                                                             

 

On appeal from the
County Court at Law Number 4

of Montgomery County, Texas.

                                                                                                                            

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Garza

 

            By a single issue, A.A. appeals
the trial court’s decision to maintain jurisdiction and deny her motion to
transfer venue of a suit affecting the parent-child relationship (SAPCR)
pursuant to the family code.  See Tex.
Fam. Code Ann. § 155.201 (West 2008).  We affirm.  

I.  Background[1]

            R.E.A. was born March 23,
2007.  A.A. is his mother and his father is J.U., appellee.[2] 
On November 27, 2007, an order was obtained in Montgomery County establishing
the parent-child relationship; the order named A.A. as managing conservator and
J.U. as possessory conservator.  On October 7, 2008, J.U. filed a motion for
enforcement of possession and petition to modify the parent-child
relationship.  Following a hearing, the trial court ordered that J.U. only have
supervised visits with R.E.A.  

            On August 11, 2010, A.A. filed
a petition for divorce in Harris County, Texas.  The petition asserted that J.U.
“has claimed or may claim that the parties are married as a result of a common
law marriage” and that the parties have lived apart without cohabitation for at
least three years.  On the same day, August 11, 2010, A.A. filed a motion to
transfer the SAPCR in the Montgomery County court, asserting that the trial
court had a duty to transfer the suit to Harris County because a suit for
dissolution of the marriage was pending in Harris County.  See Tex. Fam. Code Ann. §§ 6.407 (West
2006) (providing that if SAPCR is pending when suit for dissolution of marriage
is filed, SAPCR shall be transferred to court in which dissolution suit is
filed); 155.201(a) (West 2008) (providing that on filing of motion showing suit
for dissolution of marriage has been filed in another court and requesting
transfer to that court, court with continuing exclusive jurisdiction of SAPCR
shall transfer proceedings to court in which dissolution suit is pending).  

            On Friday, August 13,
2010, the trial court held a hearing on A.A.’s motion to transfer.[3] 
J.U. appeared pro se and requested that he be permitted to have unsupervised
visits with R.E.A.  A.A. was represented by counsel.  

            At the hearing, A.A’s
counsel argued that pursuant to sections 6.407(a) and 103.002(b) of the family
code,[4]
the trial court was required to transfer the SAPCR to Harris County because A.A.
had filed suit for dissolution of marriage in Harris County.  The trial court
noted that it had “not seen evidence of” the filing of a suit for dissolution
in Harris County.  The court stated:

[the Court]:    Okay.  I am going to
allow you to prove to this Court that there has been a filing of this divorce
action, that it has been filed, and it is on file. . . .  I am not going to
rely on just mere representation that there has been a petition filed at this
hour.  If I find that a divorce action has been filed, and it was filed even
Wednesday of last week, the Court has no other option but to transfer this
proceeding.  But I will make it known to the Court in Harris County that this
Court believes that there has been a manipulating of the rules, given the fact
that there has been a suit affecting parent child relationship.  A paternity
action filed in 2007.  That there has been a modification that’s been on file
since 2008.  And a counter petition in this cause of action November 2008. 
That this case has been be set [sic] for trial, and on the eve of the trial
setting, there is a motion to transfer requesting that this case be transferred
because a divorce action was filed two days before trial with everything that
is before the Court.  And that the Court would believe that there is a playing
with the rules. 

 

            A.A.’s counsel presented
the testimony of Loretta Duncan, his paralegal.  Duncan testified that she
filed the petition for dissolution by fax to Harris County on “Wednesday,”[5]
but had not yet received a return fax showing that the document had been file
stamped and given a cause number.  The trial court asked whether Duncan had a
confirmation from the fax machine showing the filing.  Duncan said she was
“sure” that she had such a confirmation, but that she had not attached it to
the copy of the petition for dissolution.  The court asked, “even if [Duncan]
produced a confirmation that a request was made to file this, you cannot tell
me whether or not Harris County has accepted this petition and filed it,
correct?”  A.A.’s counsel replied that he could only “presume” that Harris
County had filed the petition.  The trial court denied A.A.’s motion to
transfer and set J.U.’s motion to modify for trial on Monday, August 16, 2010. 


            On August 16, 2010, A.A.’s
counsel presented the trial court with the fax confirmation sheet showing that
A.A.’s petition for divorce had been sent by fax to Harris County for filing. 
An unfiled copy of the petition for divorce and fax confirmation sheet were
admitted in evidence.  After the trial court heard testimony in J.U.’s motion
to modify, it granted the motion to modify and ordered that J.U. be permitted a
standard possession order with unsupervised visits with R.E.A.[6] 
The trial court signed the order on August 19, 2010.  This appeal followed.  

II. 
Standard of Review and Applicable Law

            Section 155.201(a) of
the family code provides:

On the filing of a motion showing that
a suit for dissolution of the marriage of the child's parents has been filed in
another court and requesting a transfer to that court, the court having
continuing, exclusive jurisdiction of a suit affecting the parent-child
relationship shall, within the time required by Section 155.204, transfer the proceedings
to the court in which the dissolution of the marriage is pending. The motion
must comply with the requirements of Section 155.204(a).

 

Tex.
Fam. Code Ann. §
155.201(a).  The duty to transfer the SAPCR is considered a mandatory,
ministerial act upon a “showing that a suit for dissolution of the marriage of
the child's parents has been filed in another court.”  See id.; In re
M.A.S., 246 S.W.3d 182, 183–84 (Tex. App.—San Antonio 2007, orig.
proceeding); Neal v. Avey, 853 S.W.2d 707, 709 (Tex. App.—Houston [14th
Dist.] 1993, writ denied); see also In re:  Jana Hancock, No. 13-09-123-CV,
2009 Tex. App. LEXIS 2787, at **3–4 (Tex. App.—Corpus Christi April 23, 2009)
(orig. proceeding) (mem. op.).  “A motion to transfer under Section 155.201(a)
may be filed at any time.”  Tex. Fam.
Code Ann. § 155.204(a). Section 155.204(a) provides that a motion to
transfer under section 155.201(a) “must contain a certification that all other
parties, including the attorney general, if applicable, have been informed of
the filing of the motion.”  Id.  Section 155.204 does not require that a
section 155.201(a) motion to transfer be verified or supported by an
affidavit.  See In re Sanchez, 1 S.W.3d 912, 915 (Tex. App.—Waco 1999,
orig. proceeding); Hancock, 2009 Tex. App. LEXIS 2787, at *6.  If a
timely motion to transfer has been filed and no controverting affidavit is
filed within the period allowed for its filing, the proceeding shall be
transferred promptly without a hearing to the proper court.  Tex. Fam. Code Ann. § 155.204(c); Sanchez,
1 S.W.3d at 914.

III.  Discussion


            Here, A.A.’s
motion to transfer venue contained a certification that each attorney of record
or party was served with a copy of the motion.  See Tex. Fam. Code Ann. § 155.204(a).  J.U.
did not file a controverting affidavit.  See id. § 155.204(c).  The
trial court’s comments suggest that it denied A.A.’s motion to transfer because
no proof was offered that a petition for divorce had actually been filed in
Harris County.  

            We
recognize that “[b]y its very terms, [section 155.201(a)] requires a certain
factual showing before the mandatory duty to transfer a case is triggered.”  In
re M.A.S., 246 S.W.3d at 184.  For example, the statute “presumes the
existence of a marriage subject to dissolution before the mandatory venue
transfer provisions take effect.”  Id.  In In re M.A.S., the San
Antonio court affirmed the trial court’s denial of a motion to transfer based
on the trial court’s conclusion that the petition for divorce “was filed as a
sham.”  See id. at 184.  The San Antonio court noted the trial court’s
findings of fact and conclusions of law, in which it determined that the
parties had previously judicially admitted that they were not married.  See
id.  The court further stated:

In this case, the chronology of events
indicates that Silvas filed a petition for divorce in Reeves County a mere
three days before the scheduled trial of the Bexar County SAPCR, and only after
all other efforts to dismiss or transfer the suit were unsuccessful.  The
allegations of marriage in the Reeves County divorce petition were directly
contrary to all prior assertions of non-marriage.  The trial court reasonably
determined that the evidence in the case was contrary to a “showing that a suit
for dissolution of the marriage of the child's parents has been filed in
another court,” Tex. Fam. Code Ann. §
155.201(a) (Vernon Supp. 2007), and thus the court properly denied the
requested motion to transfer venue to Reeves County.

 

Id. at 184–85.  The
circumstances in the present case are similar to those in In re M.A.S.  As
the trial court noted, A.A.’s motion to transfer was based on the filing of a
divorce petition in Harris County “filed two days before trial,” and the trial
court “believe[d] that there [was] a playing with the rules.”  Nonethless, the
trial court gave A.A. an opportunity to “prove to [the court] that there has
been a filing of this divorce action.”  No evidence that the divorce petition
had been filed in Harris County was offered.[7] 
Based on the evidence presented, we conclude that A.A.’s motion to transfer
failed to make a “showing that a suit for dissolution of the marriage of the
child’s parent’s has been filed in another court.”  See Tex. Fam. Code Ann. § 155.201(a). 
Accordingly,
we hold that the trial court properly denied the requested motion to transfer
venue to Harris County.

IV. 
Conclusion

            We overrule A.A.’s
sole issue and affirm the trial court’s judgment.

 

 

DORI CONTRERAS GARZA

Justice

 

Delivered
and filed the

11th
day of August, 2011.









[1]
This case is before the Court on transfer from the Ninth Court of Appeals in
Beaumont pursuant to an order issued by the Supreme Court of Texas.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).

 





[2]
Appellee did not file a brief to assist us in this appeal.  

 





[3]
We note that the reporter’s record contains two volumes dated August 13, 2010. 
At the end of the proceedings in each volume, the trial court notes that
proceedings will continue “on Monday at 10:00 o’clock.”  The trial court denied
A.A.’s motion for transfer on August 13, 2010.  Trial on J.U.’s motion to
modify the parent-child relationship continued on August 16, 2010.

  





[4]
A.A.’s counsel cited section 103.002(b) of the family code, which governs venue
in an original suit affecting parent-child relationship, see Tex. Fam. Code Ann. § 103.002 (West
2008), not, as is the case here, in a suit to modify or a motion to enforce
filed in a court having continuing, exclusive jurisdiction.  See id. §
103.002(c) (“The procedures in Chapter 155 apply to a transfer of:  (1) an
original suit under this section; or (2) a suit for modification or a motion
for enforcement under this title.”) (emphasis added).  The trial court,
however, correctly cited the mandatory transfer provisions under section
155.201.  See id. § 155.201 (West 2008). 

 





[5]
We presume that the reference is to Wednesday, August 11, 2010.

 





[6]
We note that A.A. does not challenge the granting of the motion to modify on
appeal.   





[7]
We note that a file-stamped copy of the divorce petition, reflecting that it
was filed August 11, 2010, by the Harris County District Clerk’s office, is
included in the appendix of appellant’s brief.  The copy that is included in
the clerk’s record, however, bears no Harris County file-stamp.  We do not
consider the file-stamped copy of the divorce petition in appellant’s brief,
however, because it was not submitted to the trial court.  See Jarvis v.
Field, 327 S.W.3d 918, 929 (Tex. App.—Corpus Christi 2010, no pet.) (noting
that the attachment of documents as exhibits or appendices to appellate briefs
is not formal inclusion in the appellate record).